BEATTIE, respondent, *v.* HOYT, appellant.

PRACTICE — *appeal dismissed when no proper judgment or order was entered.* Upon the trial the court below excluded the evidence of the plaintiff, refused to hear any testimony for the defendant, discharged the jury, dismissed the action and declined to enter any judgment for or against either party. *Held,* that there was no judgment or order from which the statutes of the Territory allow an appeal to be taken, and this court of its own motion dismissed this appeal.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried by WADE, C. J.

SHOBER & LOWRY, for appellant.

The court below vested a title in respondent to the property in controversy, and erred in not placing appellant in the condition he was in before the suit was commenced. Appellant was not voluntarily in court, and the buggy was in possession of respondent through the process of the court. It had been taken from appellant by an officer of the law and delivered to respondent, who brought the action. The court below decided that respondent could not maintain his case, and that he had no title to the buggy, but by its refusal to enter judgment, put respondent in the same position as if he had recovered judgment for the possession of the property. Judgment should have been entered for a return of the buggy to appellant, or its value. *Dahler* v. *Steele*, 1 Mon. 206; Morris on Replevin, 141; *Wilson* v. *Wheeler*, 6 How. Pr. 50; *Dowling* v. *Polack*, 18 Cal. 625; *Leese* v. *Sherwood*, 21 id. 151.

SANDERS & CULLEN, for respondent.

We concede that the transaction between appellant and respondent was illegal, and the parties were *in pari delicto*. In such a case neither courts of law or equity grant relief to participants by canceling what is executed, or enforcing what is executory. *Schermerhorn* v. *Talman*, 14 N. Y. 93; *Bartle* v. *Nutt*, 4 Pet. 184; *Moore* v. *Adams*, 8 Ohio, 375; *Cowles* v. *Raguet*, 14 id.

38; *Bolt* v. *Rogers*, 3 Paige, 154; 1 Story's Eq. Jur., §§ 61, 296; *Martin* v. *Wade*, 37 Cal. 175; *White* v. *Franklin Bank*, 22 Pick. 181.

The record does not show that respondent had possession of the buggy. The owner can claim and recover the property at any time. The cases cited by appellant are inapplicable. They are generally those in which plaintiff upon his own motion dismissed his action and there was no fraud or illegality in either title.

BLAKE, J. The respondent commenced this action in the probate court to recover the possession of a buggy and obtained a judgment therefor. The appellant then appealed to the district court, and a jury was impaneled to try the cause, and the respondent testified. The following facts appear in his testimony. His claim to the possession of the property was based upon the purchase of a ticket which was delivered to him by the agent of the owner of the buggy. The respondent, having no money at the time, offered to give his check for the price of the ticket, but was told that he could pay for it at any time. The holder of the ticket was entitled to throw the dice at a raffle, and the proxy of the respondent won the buggy in the absence of the respondent. The appellant, as the agent of the owner of the buggy, refused to deliver it to the respondent because the money had not been paid for the ticket before the dice were thrown, and asserted a claim thereto by virtue of the same ticket. The respondent seems to have had no other interest in the property. After the testimony of the respondent was concluded, the appellant moved to exclude the same from the consideration of the jury, and the court sustained the motion.

The appellant then offered to prove that he had bought the buggy of its owner, but the court refused to hear any further testimony, discharged the jury, dismissed the action and declined to enter any judgment for or against either party. The appellant supports the ruling of the court below, respecting the dismissal of the cause, but contends that there should have been a judgment for the return of the buggy to him, or its value, if a delivery thereof could not be had.

We think that the appellant has no right to be heard at this time in this court. It appears from the transcript on appeal that no judgment or order, final or otherwise, has been entered. An examination of the Civil Practice Act, defining the judgments and orders from which an appeal may be taken to this court, shows that it does not embrace any matter of which the appellant complains. Civ. Pr. Act, §§ 369, 380. Therefore we will follow the case of *Rader* v. *Nottingham*, 2 Mon. 157, and dismiss the appeal on our own motion.

Although we have disposed of this appeal, it is deemed proper to quote with approval the following extract from the opinion of Mr. Justice BELFORD, in *Eldred* v. *Malloy*, 2 Col. 321 : "The courts of this Territory have enough to do without devoting their time to the solution of questions arising out of idle bets made on dog and cock-fights, horse-races, the speed of ox trains, the construction of railroads, the number on a dice or the character of a card that may be turned up." ·

*Appeal dismissed.*