## TERRITORY OF MONTANA, APPELLANT, v. MARY MOREHOUSE, RESPONDENT.

APPEAL — *Costs for malicious prosecution — Jurisdiction.* — In the case at bar the prosecuting witness in a criminal case had appealed to the District Court from a judgment of a justice of the peace taxing her with the costs of prosecution, on the ground that the same was malicious. The Territory moved to dismiss the appeal, on the ground that there had been no notice given of an intention to appeal at the time the justice rendered his judgment, and appealed from an order of the District Court denying the motion. *Held,* that under subdivison 2 of section 444, division 1, Compiled Statutes, the Supreme Court had no jurisdiction of such an appeal.

*Appeal from the Second Judicial District, Silver Bow County.*

### STATEMENT.

The respondent in this case made complaint against one Isaac Morehouse, charging him with the crime of adultery. The said Morehouse having been arrested and brought before a magistrate, a day was fixed for the hearing, and a subpœna duly served upon the respondent to appear and testify. Upon the said day she failed to appear in person, but had an attorney present, representing her, who stated to the magistrate that she would not appear; whereupon the magistrate decided the prosecution to be malicious and without probable cause, and adjudged that the costs should be taxed to the respondent. From this judgment the respondent appealed, six days after its rendition to the District Court; whereupon the county attorney moved to dismiss the appeal, for the reason that the appellant had not given notice of the appeal at the time of the rendition of the judgment, as required by law. The District Court denied the motion, and this appeal is from the order denying the same.

*W. E. Cullen,* Attorney-General, for Appellant.

Where want of probable cause has been found by a court or a jury, and costs are taxed against a prosecutor, section 530 of the Criminal Practice Act gives the right of appeal from such judgment to the District Court, where the question of malice and want of probable cause is to be tried *de novo.* But the statute is silent as to how this appeal is to be taken. Section 510 of the same chapter, which thus gives the right of appeal, provides

how appeals to the District Court are to be taken in criminal cases from the judgment of a Probate Court, or justice of the peace. The defendant must give notice of his intention to so appeal at the time of the rendition of the judgment against him, and if he fails to do so, the result must be as in other cases of a fatal defect in a notice of appeal—the appellate court will not acquire jurisdiction of the case. No other provision of the statute regulates the method of taking this appeal, unless it could be held that an appeal might be taken from such a judgment under the provisions of section 822 of the Code of Civil Procedure, regulating appeals from Justices' Courts in civil cases. If this were a civil matter, the appellant would have thirty days in which to serve notice of appeal; but it is a matter growing out of a criminal prosecution, and an appeal should be taken as provided in criminal cases. The judgment is in the nature of a penalty imposed for instituting a criminal prosecution, maliciously, and without probable cause. The motion of the county attorney to dismiss the appeal ought to have been sustained.

*McBride & Haldorn,* for Respondent.

McCONNELL, C. J.—Respondent was the prosecuting witness in a criminal case, instituted before a justice of the peace, against one Isaac Morehouse. The defendant in that case was discharged, and the respondent, Mary Morehouse, adjudged to pay the costs, upon the ground that the prosecution was malicious and without probable cause. From this order, which was made on the twenty-eighth day of January, 1888, respondent appealed to the District Court on the third day of February following. No notice was given of an intention to appeal at the time the order was made. In the District Court, the county attorney moved to dismiss the appeal, for the want of such notice. The court overruled this motion, and the Territory appealed from the order overruling said motion. Section 530 of the Criminal Practice Act provides, in substance, that where a court or jury find that there was no probable cause for commencing the prosecution, or that it was malicious, and the court taxes the costs against the prosecutor, he may appeal to the District Court, where the question of malice or want of probable

cause shall be tried anew. This has never been done. But the case is here upon an appeal from the order of the District Court refusing to dismiss the appeal from the Justice's Court. Is this an appealable order? We think not. Subsection 2 of section 444 of the Code of Civil Procedure provides that an appeal may be taken from the District Court to the Supreme Court in the following cases, to wit: "From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order granting or refusing to dissolve an attachment; from an order changing or refusing to change the place of trial; from any judicial order made after final judgment; and from such interlocutory judgment in actions for partition as determines the rights and interests of the respective parties, and directs partition to be made." The order appealed from in this case is not embraced in this statute. This court, then, has no jurisdiction to hear it, and dismisses the appeal at the cost of the appellant.

*Appeal dismissed.*

LIDDELL, J., and BACH, J., concur in the result.