FRANZMAN, RESPONDENT, *v.* DAVIES ET AL., APPELLANTS.

(No. 2,061.)

(Submitted March 14, 1905. Decided March 22, 1905.)

*Appealable Order—Dismissal of Appeal from a Justice's Court—Failure to Demand Judgment—Dismissal of Case.*

Appeal from Justice's Court—Dismissal—Nonappealable Order.
1. An order sustaining a motion to dismiss an appeal from a justice's court is not appealable. (Session Laws of 1899, p. 146.)

Appeal from Justice's Court—Failure to Demand Judgment—Dismissal of Case.
2. Where more than six months had elapsed after an order made sustaining a motion to dismiss an appeal from a justice's court, and respondent had neglected to demand and have entered a judgment in accordance with such ruling, as required by Code of Civil Procedure, section 1004, subdivision 6, it was error to deny a motion to dismiss the case and to render judgment dismissing the appeal.

*Appeal from District Court, Silver Bow County; Wm. Clancy, Judge.*

ACTION by C. V. Franzman, doing business as the Carder-
Wall Paper Company, against Frank N. Davies, and another,.
doing business as George J. Davies & Co. From a judgment.
of the district court dismissing an appeal by defendants from.
the judgment of a justice, defendants appeal. Reversed.

*Mr. O. M. Hall,* for Appellants.

*Mr. Carl J. Smith,* for Respondent.

MR. COMMISSIONER POORMAN prepared the opin-
ion for the court.

This action was originally commenced in a justice's court,.
where a judgment was rendered for plaintiff on December 11,.
1902. On December 16th defendants' notice of appeal and
undertaking on appeal to the district court were filed; also a.
transcript fee of $2.50 and a filing fee of $5 were paid. On
December 20th respondent excepted to the sufficiency of the-
sureties on the undertaking. On December 26th (the 25th
being a nonjudicial day) the appellant deposited a cash bond
on appeal in double the amount of the judgment, and on De-
cember 29th a transcript on appeal was filed in the district.
court. On March 7, 1903, respondent filed a motion to dis-
miss the appeal, for the reasons: "1. That said appeal was not.
filed in the district court within the time allowed by the rules.
of this court and the statutes of Montana. 2. For the reason.
that the sureties on the undertaking on appeal did not justify
as required by law, or at all, and that no notice of such justifi-
cation was ever served on plaintiff or his attorney." This mo-
tion was supported by an affidavit to the effect that no sureties.
on the undertaking had justified as required by law. On May
16, 1903, the court sustained the motion to dismiss the appeal,.
its order being as follows: "This day, after argument by coun-
sel, the motion to dismiss the appeal herein is by the court sus-
tained."

On January 9, 1904, the appellant filed a motion to dismiss.
the case, for the reason that "plaintiff has for more than six

months neglected to demand or have a judgment entered in accordance with the rulings of this court sustaining said motion" to dismiss the appeal. This motion was denied. Afterward, on February 6, 1904, the court entered judgment of dismissal of the appeal, which, after the introductory part, is as follows: "Now, therefore, it is ordered, adjudged, and decreed that the said appeal be dismissed at defendant's cost, and that said cause be remanded to the court from which said appeal was taken." This appeal is from this judgment of dismissal, and was taken to this court on the 6th day of February, 1904.

1. It is contended that the appeal to this court should be dismissed, for the reason that the same was not taken within ninety days after the date of the order sustaining the motion to dismiss the appeal from the justice's court. This order, however, is not appealable. (Code of Civil Proc., sec. 1722, as amended by Session Laws 1899, p. 146; *Murphy* v. *King,* 6 Mont. 30, 9 Pac. 585; *Owen* v. *McCormick,* 5 Mont. 255, 5 Pac. 280; *Lisker* v. *O'Rourke,* 28 Mont. 129, 72 Pac. 416; *Butte & Boston C. M. Co.* v. *M. O. P. Co.,* 27 Mont. 152, 69 Pac. 714; *Territory* v. *Morehouse,* 8 Mont. 310, 21 Pac. 663; *Beattie* v. *Hoyt,* 3 Mont. 140.) The final judgment of dismissal was not entered until February 6, 1904, and no claim is made that the appeal was not taken within ninety days thereafter.

2. The errors assigned on this appeal are that the district court erred in dismissing the appeal from the justice's court, and, further, that the court erred in overruling defendant's motion to dismiss the case. Under the provisions of sections 170 *et seq.,* Code of Civil Procedure, the district court had jurisdiction of this case, and, if the court erred in making the intermediate order denying appellant's motion to dismiss the case, the judgment dismissing the appeal must also be error. Subdivision 6 of section 1004, Code of Civil Procedure, relating to the dismissal of actions, provides that an action may be dismissed "by the court, when after verdict or final submission,

the party entitled to judgment neglects to demand and have the same entered for more than six months." In this case more than six months intervened between the order sustaining the motion to dismiss the appeal and the time when the appellant moved to dismiss the case, yet the court denied this latter motion, and afterward made and caused to be entered the judgment dismissing the appeal. The court erred in denying appellant's motion to dismiss the case, and consequently erred in rendering the judgment of dismissal.

We think this judgment should be reversed, and the cause remanded with direction to the district court to sustain appellant's motion to dismiss the case.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded with direction to the district court to sustain appellant's motion to dismiss the case.

*Reversed and remanded.*