GREENOUGH, RESPONDENT, *v.* RANNEL, APPELLANT.

(No. 5,557.)

(Submitted October 27, 1924.   Decided November 25, 1924.)

[230 Pac. 1094.]

*Justices' Courts—Failure to Perfect Appeal—Dismissal—District Court Minutes Import Verity—Presumptions.*

District Courts—Minutes Import Verity—Presumptions.
1.   The minutes of the district court import verity, and in the absence of anything in the record to the contrary it will be presumed that a correction made by its order to show that plaintiff's counsel appeared specially on a certain day for the sole purpose of challenging the jurisdiction of the court was based upon the court's own knowledge of what transpired in court.

Same—Appeals from Justice's Court—Failure to Perfect—Dismissal Proper.
2.   Where an appeal from a justice's court was never perfected, that court had exclusive jurisdiction of the cause and nothing done by the district court therein could affect the judgment rendered by the justice, and dismissal of the attempted appeal was correct.

*Appeal from District Court, Blaine County; Charles A. Rose, Judge.*

ACTION by Frank Greenough against James Rannel.   Judgment was rendered for plaintiff in justice's court, and from an order dismissing the appeal defendant appeals.   Affirmed.

Cause submitted on brief of Appellant.

*Mr. W. B. Sands,* for Appellant.

No appearance on behalf of Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This comedy of errors originated in an attempted appeal from a justice's court.   The plaintiff got judgment, whereupon defendant's counsel immediately filed with the justice of the peace a purported notice of appeal.   Whether a copy of

this ever was served upon plaintiff or his attorney does not appear, but that makes little difference here, for the paper filed with the justice called "notice of appeal" was without any validity; it was void.

The case appearing upon the docket of the district court was set down for trial on June 21, 1921. Upon that day counsel for the respective parties were in court. He for defendant announced himself ready for trial, but he for plaintiff, appearing "specially and only for the purpose of challenging the jurisdiction of the court," moved to dismiss the appeal for the reason that the court was without jurisdiction of the parties or of the subject matter. The court sustained the motion. However, the minutes of the court on that day showed only that "plaintiff's motion to dismiss the appeal is granted."

In February, 1922, the defendant moved the court to dismiss the case on the ground that the plaintiff had neglected to have judgment entered for more than six months after the order dismissing the appeal was made. This motion was granted on February 27, 1922, and on September 16, 1922, the court entered judgment for defendant accordingly.

For something over fifteen months following the pretended dismissal of the case proceedings in the district court appear to have been in a state of coma—perhaps counsel for plaintiff was too dazed to realize what had hit him. But on the thirty-first day of December, 1923, he resumed activity by filing a motion to vacate and set aside the judgment alleging that the district court did not have jurisdiction either of the plaintiff or the subject matter of the action at any time, because the appeal had never been perfected "and for that reason the court could not enter a judgment of any kind in the action." On the 14th of January, 1924, the motion came on for hearing; the court then ordered the respective parties to file an agreed statement of facts and briefs in support of their contentions. February 11 following the motion came up for consideration again. The result was that the court on that day entered a judgment of dismissal in plaintiff's favor; therein it

was recited ''that on the twenty-first day of June, 1921, when the cause was called for trial, the plaintiff appeared by his attorney specially and only for the purpose of challenging the jurisdiction of the court,'' and the court then dismissed the appeal on the ground that it ''was without jurisdiction of the parties or of the subject matter.'' The court reiterated that it had never acquired any jurisdiction in the case, declared the judgment entered September 16, 1922, void, and dismissed the attempted appeal.

On March 5 counsel for defendant filed a motion to correct [1] the judgment of February 11, supported by his affidavit. In the affidavit he averred that the findings of fact set forth in the judgment are defective and incorrect for the reason that the judgment of February 11 ''was based solely upon the files and records and minutes of court and no testimony was ever offered or received by the court'' in the action, and that it did not appear from the files and records that on the twenty-first day of June, 1921, when the cause was called for trial the plaintiff appeared by his attorney specially and only for the purpose of challenging the jurisdiction of the court.

Now when this motion of March 5 was heard the court instructed the clerk to correct the minutes of June 21 to speak the truth, and the minutes of that day were made to show that the attorney for the plaintiff ''appeared specially for the sole purpose of challenging the jurisdiction of the court and for no other purpose. Plaintiff's motion to dismiss the appeal was thereupon granted.'' Whereupon defendant's motion was overruled.

It is not contended that the court did not have the right to correct its minutes to speak the truth, nor that the minutes as corrected do not do so. The minutes import verity. Presumably the correction was based upon the court's own knowledge of what actually took place on June 21, 1921. At any rate there is no showing in the record which even tends to overturn the recitations which the minutes now contain.

[71 Mont. 578.]

Counsel for defendant relies for reversal upon the case of *Franzman* v. *Davies,* 32 Mont. 251, 80 Pac. 251, in which this court held that where more than six months had elapsed after the district court had made an order sustaining a motion to dismiss an appeal from a justice's court, and the respondent during that time had neglected to demand and have entered a judgment in accordance with the ruling, it was error to deny a motion to dismiss the case. But in *Franzman* v. *Davies* the court said: "Under the provisions of section 1760 [in the report the figures are 170] *et seq.,* Code of Civil Procedure, the district court had jurisdiction of this case." There the justice's court had been divested of jurisdiction.

But in this case no appeal has been perfected. The justice's [2] court has had exclusive jurisdiction of the action all the time and nothing that was done in or by the district court affected the judgment attempted to be appealed from in any way. Not having any jurisdiction the district court did not have the power to make an order affecting that judgment.

Although the district court was led into doing divers useless acts everything came out right when it wrote the last chapter on February 11 and the postscript on March 5.

The judgment of dismissal is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES RANKIN and STARK and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument, and takes no part in the foregoing decision.