HON. JOHN B. CLAYBERG,
HON. LEW. L. CALLAWAY,
HON. W. H. POORMAN.

---

BICKFORD, APPELLANT, v. KIRWIN ET AL., RESPONDENTS.

| 30 | 1 |
| 34 | 301 |

(No. 1,789.)

(Submitted February 11, 1904. Decided February 24, 1904.)

*Judgment Roll—Agreed Case—Waiver of Error—Lease—Construction—Liability for Rent.*

1.  Though there is no formal judgment roll consisting of the papers enumerated in Code of Civil Procedure, Section 1196, because there was no formal answer, yet the only papers which could be incorporated in the roll—the complaint, stipulation with exhibit attached (which the court and parties treated as amending the complaint and presenting an issue), the judgment,

and bill of exceptions—being in the record, properly certified as constituting the judgment roll, will be considered as such.

2. Where a complaint is filed giving jurisdiction, and a stipulation is then filed, treated by the court and parties as amending the complaint and raising an issue, the case is not an agreed case, which has to be submitted with the formalities required by Code of Civil Procedure, Section 2050 *et seq.,* to give jurisdiction.

3. Even if it is error for the court, in an action for rent, to undertake, at the instance of the parties, to determine defendants' liability, under the terms of the lease, for an installment of rent not in fact due at the commencement of the action, defendants, in whose favor was the decision, and who have not appealed, may not complain of such action of the court.

4. Under the first paragraph of the *habendum* clause, the property was leased to defendant for the full term of two years, unless the lease was sooner forfeited. It then provided that the lessee should pay the lessor, as rent for the premises, $150 per month "during occupancy" thereof, and that, should the lessee fail to make such payments, the lessor might re-enter without this working a forfeiture of the rents to be paid, and that the lessee should not sublet, and should surrender the property "at the expiration of the time herein recited." *Held,* that "during occupancy" meant "while possession continues," that is, during the whole term; so that the lessee could not, before expiration of the term, surrender possession and relieve himself from liability for further rent.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ACTION by F. L. Bickford against Thomas Kirwin and others. From the judgment, plaintiff appeals. Remanded with directions.

## STATEMENT OF THE CASE.

This action was brought to recover judgment against the defendants for the sum of $450, alleged to be due as rent for the three months beginning on August 15, and ending on November 15, 1901, under a lease by the plaintiff to the defendant Kirwin of certain premises in Kalispell, Flathead county. The lease was for a term of two years from and after March 15, 1901, rent payable monthly, at the rate of $150 per month. As construed by the parties, payment was to be made on the 15th of each month in advance. To secure the payment of the rent according to the terms of the lease, the other defendants became sureties to the plaintiff for Kirwin upon a bond, of even date with the lease, in the sum of $1,000. Kirwin went into possession of the property and occupied it up to and including October

15, 1901, when he tendered the plaintiff the keys of the building and offered to surrender possession. He was then in default for the rent due on August 15th, and thereafter up to and including October 15th. The offer being declined, Kirwin went out of possession and refused to pay rent after that time, claiming that under the terms of the lease he had the right to surrender the property at any time and be released from all further liability. The action was thereupon commenced.

The defendants filed no answer, because they did not care to resist payment of the installments of rent already accrued; but on November 9th stipulated with the plaintiff that the complaint might be amended so as to include a demand for the installment to fall due on November 15th, and that the court might render judgment for this installment, also, if the defendants were liable for it under the contract. The stipulation stated that the plaintiff would, if the evidence was admissible, testify that the defendant Kirwin had prepared the written contract and submitted it to him for signature, and that his understanding of it was that it embodied a "straight lease" for a term of two years, to be forfeited at plaintiff's option for breach of any of its conditions by Kirwin; that the defendant would testify that he understood that he had the option to relinquish occupancy at any time and be released from liability; that the installments of rent alleged to be due up to October 15th were actually due and payable; that the installment to fall due on November 15th would be treated as due and payable at the commencement of the action; and that the sole question to be determined by the court was whether the defendants were liable for rent after Kirwin ceased to occupy the premises, which in fact he did on October 15th. To the stipulation was attached a certified copy of the lease.

The court adjudged that installments of rent had become due and payable on the 15th of August, September and October, but that the plaintiff was not entitled to recover any other installment, thus sustaining the contention of the defendants that Kirwin was to be released from liability upon ceasing to occupy

the property at any time. Judgment was accordingly entered for the plaintiff for $450 and costs. From this judgment the plaintiff appealed, and has submitted to this court the question whether the district court correctly construed the contract.

The first paragraph of the lease is in the ordinary from, the *habendum* clause being as follows: "To have and to hold the above rented premises to the said party of the second part; his heirs, executors, administrators and assigns for and during the full term of two years from and after the (15) day of March, 1901, unless sooner forfeited." It then proceeds: "And the said party of the second part, for his heirs, executors, administrators and assigns, agrees to and with the said party of the first part, to pay his heirs, executors, administrators or assigns, as rent for the above mentioned premises, the sum of one hundred and fifty and no-100 dollars per month during occupancy of said building. And it is further agreed by and between the parties as follows: That should the said party of the second part, his heirs, executors, administrators or assigns, fail to make the above mentioned payments as herein specified, or fail to fulfill any of the covenants herein contained, then and in that case it shall be lawful for the said party of the first part, his heirs, executors, administrators or assigns, to re-enter and take full and absolute possession of the above rented premises—30 days' notice, and hold and enjoy the same fully and absolutely, without such re-entering working a forfeiture of the rents to be paid and the covenants to be performed by the said party of the second part, his heirs, executors, administrators or assigns." Then follow provisions prohibiting a subletting of the premises during the term of the lease, and requiring the lessee to quietly yield and surrender the property to the lessor "at the expiration of the time herein recited."

*Mr. W. N. Noffsinger,* for Appellant.

*Messrs. Downing & Stephenson,* and *Mr. F. L. Gray,* for Respondent.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

1. At the hearing the respondents submitted a motion to dismiss the appeal on the ground that the record does not contain a copy of the judgment roll. There is no merit in the motion. It is true there is no formal roll consisting of the papers enumerated in Section 1196 of the Code of Civil Procedure, for the obvious reason that no formal answer was ever filed in the cause. The only papers which could be incorporated in the roll were the complaint, stipulation—with the exhibit attached—the judgment, and bill of exceptions. There were no formal findings. All the papers mentioned are found in the record, properly certified as constituting the judgment roll, and, taken together, must be so considered. The stipulation was treated by the court and the parties as amending the complaint and presenting an issue as to the installment due on November 15th. In so far as it presented an issue on the part of the defendants as to this item, it performed the office of a formal pleading.

2. The point is also made by the respondents that the district court had no jurisdiction to render judgment at all, for the reason that, it being in fact an agreed case, the controversy was not submitted with the formalities required in such cases by Section 2050 *et seq.* of the Code of Civil Procedure. The case does not fall within the purview of these sections. They authorize judgment without action where the parties observe the necessary requirements, and the jurisdiction of the court depends upon observance of these requirements. In the present case the court acquired jurisdiction by the filing of the complaint. Any error intervening thereafter was error within jurisdiction, and subject to review only on appeal. But if it be conceded that the court was in error in undertaking, at the instance of the parties, to determine the question of the liability of the defendants, under the terms of the lease, for the installment which was not in fact due at the time the action was commenced, yet the defendants may not question its action in the premises, because the decision was in their favor, and they have not ap-

pealed.   In urging this point they assume a position inconsistent
with that assumed in the remainder of their argument, whereby
they seek to sustain the judgment as correct.

3.   Counsel for the appellant argues that the judgment, in
so for as it sustains the contention of the defendants as to Kir-
win's option under the lease, is erroneous.   This contention
submits to this court the question what meaning should be given
to the expression "during occupancy of said building" in the
second paragraph of that instrument.   This paragraph is crude
and inaccurate in its statement, in that the covenant therein
expressed is on behalf of the heirs, executors, administrators or
assigns of the respective parties.   But from the other provisions
of the instrument it is clear that the parties, in contracting with
each other, intended, but failed, to follow the usual form of
expression.   The contention is that the anomalous expression
"during occupancy of the building" is equivalent to the ex-
pression "for and during the term," the form of words ordi-
narily used, and granted no option whatever to the respondent
Kirwin.   Counsel for respondents argue that the parties in
drafting the contract, used a printed form, and erased the words
"for and during the term," substituting therefor the other form
of expression, thus clearly indicating their purpose that Kirwin
should have the option claimed.   They cite Section 2216 of the
Civil Code as the rule of interpretation to be applied.   It does
not appear, however, that a printed form was used, or that any
erasure or substitution of words was made.   So far as the record
shows, the instrument was written by the parties at the time of
its execution.   Nothing appears showing the circumstances un-
der which it was drafted and executed.   The stipulation reveals
nothing further than that at the time the controversy arose, on
October 15th, each party insisted on its own construction of the
contract.   This court is therefore left to ascertain the intention
of the parties from the terms employed by them.   In this con-
nection the rule must be borne in mind that the whole of a con-
tract is to be taken together, so as to give effect to every part—
if reasonably practicable—each clause helping to interpret the

other, (Civil Code, Section 2206), as well, also, as another familiar rule, that the words of an instrument, as between conflicting constructions, are to be construed most strongly against him whose words they are (Civil Code, Section 2219). Examining the instrument, we find that under the first paragraph the premises are let to the defendant Kirwin for and during the full term of two years, unless the contract is sooner forfeited. This provision is clear and explicit, and without condition, except that upon default of the lessee the landlord, at his option, may, as provided in the third paragraph, upon notice re-enter. There is no express covenant on the part of the lessee to occupy, yet that he shall do so is implied. How long should the occupancy continue? Certainly during the term, unless, by express provision or clear implication, the intention was otherwise. The forfeiture clause was clearly for the benefit of the lessor. He might or might not enforce it at his own option, although the enforcement of it would determine the lease. (Taylor's Landlord and Tenant, Section 492.) The lessee could not elect that the lease should be void upon a forfeiture of any of its covenants, nor could he vacate the premises and avoid liability for rent, except by consent of the lessor. (*Id.* Sec. 492; *Creveling* v. *West End Iron Co.,* 51 N. J. Law, 34, 16 Atl. 184; Wood's Landlord and Tenant, Sec. 513; *Leatherman* v. *Oliver,* 151 Pa. St. 646, 25 Atl. 309.)

Are the words "during occupancy of said building" in the second clause to be construed as modifying these provisions, so as to leave it optional with the lessee to enter upon the occupancy of the premises and to become liable for the rent at all? Surely not. Yet this would be the result if respondents' claim should be sustained. It is as strongly implied that he should continue his occupancy for the term as it is that he should enter upon it in the first instance, for not only is the term absolute for two years, subject only to the proviso for re-entry, but there is also a covenant in the last paragraph that the lessee should surrender the property "at the expiration of the time herein recited." This clearly manifests the intention of one to let,

and of the other to, occupy, the premises for the full term of two years at the stipulated rent, subject only to the option reserved to the lessor. The second paragraph, therefore, though the expression "during occupancy" be construed most strongly against the lessor, can have no other meaning than that the rent should be due and payable at the stipulated times, so long as the landlord did not re-enter upon default and put an end to the occupancy. The expression means "while possession continues," that is, while the term continues; and the whole instrument, taking. all its provisions together, must bear the construction we have given it, or else it must be held to be inoperative from the beginning. The judgment of the district court should have included the installment due on November 15th.

The cause is therefore remanded, with directions to amend the judgment accordingly.

*Remanded.*