BLANKENSHIP ET AL., RESPONDENTS, *v.* DECKER ET AL., APPELLANTS.

(No. 2,294.)

(Submitted June 6, 1906. Decided June 12, 1906.)

*Brokers—Commissions—Pleadings—Counts—Quantum Meruit— Contracts—Construction—Presumptions.*

Pleadings—Causes of Action—Counts.
1. Under Code of Civil Procedure, section 672, the trial court may, in its discretion, permit the same cause of action to be stated in different counts in order to meet the exigencies of the case as presented by the evidence.

Brokers—Contracts—Pleadings—Proof.

    2.  Though a contract authorizing a broker to sell real estate must be in writing and subscribed by the party to be charged or his agent (Civil Code, sec. 2185, subsec. 6), the fact that it is in writing is a matter of proof and not of allegation in pleading.

Express Contracts—*Quantum Meruit.*

    3.  *Obiter:* Upon the complete performance of an express contract for services at a stipulated compensation, a recovery may be had upon a *quantum meruit.*

Brokers—Contracts—*Quantum Meruit*—Demurrer—Harmless Error.

    4.  Where, in an action to recover for services alleged to have been performed as brokers to sell real estate, plaintiffs at the opening of the trial abandoned a count in their complaint based upon a *quantum meruit*, introduced no proof in support of it, and the trial proceeded upon the issues presented by the answer to a count based on a written contract, and the instructions of the court were formulated accordingly, the error of the court in overruling a special demurrer to the count based upon the *quantum meruit*, if error, was harmless.

Brokers—Contracts—Construction—Instructions.

    5.  Where the attendant facts and circumstances in the making of an agreement are resorted to as an aid to an understanding of it, no greater burden rests upon the promisor than to show by a preponderance of the evidence that the promisee understood it as he (the promisor) believed he understood it (Civil Code, sec. 2214); and instructions, submitted in an action to recover for services as brokers to sell real estate which advised the jury that plaintiffs' (promisees') right of recovery depended upon whether they understood the contract in question in a certain way, laid down an erroneous rule of law.

Brokers—Contracts—Uncertainty—Presumptions—Instructions.

    6.  While, under section 2219, Civil Code, in the absence of proof the presumption will be indulged that the promisor caused any ambiguity or uncertainty in the terms of a written contract, yet where the evidence introduced permits the inference that the promisee wrote the agreement and himself selected the terms employed therein, this presumption gives way to the contrary one that the latter caused the uncertainty, and the burden rests upon him to remove it; and the district court, in an action to recover for services alleged to have been rendered as brokers to sell real estate, should have given appellants' (promisors') requested instruction embodying this principle, where the evidence tended to prove that one of them went to plaintiffs' office and procured a member of the brokerage firm to write a memorandum agreement, composing it himself, but following the client's wishes.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

ACTION by E. V. Blankenship and P. J. Davies against Minnie F. Decker and others. From a judgment in favor of plaintiffs and from an order denying their motion for a new trial, defendants appeal. Reversed and remanded.

*Messrs. Hartman & Hartman,* for Respondents.

The contention of appellants is that the *quantum meruit* count is bad because it does not specifically allege that there was a contract in writing under which the services were performed, and that no proof of a contract in writing could be made under it, and that therefore it was error for the court to overrule the demurrer to the *quantum meruit* count and for misjoinder of the two counts, and also error to overrule the objection to any testimony being given under the *quantum meruit* count. Whether or not a contract is in writing is a matter of proof and not of allegation in the pleadings. (*Hefferlin* v. *Karlman,* 29 Mont. 139-150, 74 Pac. 201; *Mayger* v. *Cruse,* 5 Mont. 485-493, 6 Pac. 333; *Sweetland* v. *Barrett,* 4 Mont. 217, 222, 223, 1 Pac. 745.)

It seems to be well settled that whether or not there is a contract in writing to support a broker's claim for his commissions is entirely a question of proof. The supreme court of Colorado holds that it is a matter of discretion for the court in such cases to permit a *quantum meruit* count for a reasonable compensation and a count upon the contract. (*Manders* v. *Craft,* 3 Colo. App. 236, 32 Pac. 836.) The supreme court of Nevada holds that the suit may be on the *quantum meruit* alone and proof of the written contract be made thereunder and recovery had. (*Burgess* v. *Helm,* 24 Nev. 242, 51 Pac. 1025, 1026.)

The holding of the California courts is universal that where the cause of action is upon a written contract, the case may be stated in two counts: one on the contract and one on the *quantum meruit* or the *quantum valebat.* (*Rucker* v. *Hall,* 105 Cal. 425, 38 Pac. 962; *Remy* v. *Olds,* 88 Cal. 537, 540, 541, 26 Pac. 355; *Cowan* v. *Abbott,* 92 Cal. 101, 28 Pac. 213; *Manning* v. *Dallas,* 73 Cal. 420-422, 15 Pac. 34; *Wilson* v. *Smith,* 61 Cal. 209. See, also, Abbott's Civil Trial Brief, p. 83; Bliss on Code Pleading, 3d ed., sec. 120. See, also, *Shepard* v. *Mills,* 173 Ill. 223, 50 N. E. 709.)

*Messrs. Walrath & Patten,* for Appellants.

Instruction No. 13 advises the jury that whether or not the indorsement made upon the contract on October 7, 1903, was a withdrawal of the authority of the plaintiffs to sell the land, depends upon whether the plaintiffs so understood it at the time. Precisely the reverse is the law in this state. Section 2214 of the Civil Code is identically the same as section 1649 of the Civil Code of California, which has been construed and applied in the following cases: *Ennis Brown Co.* v. *Hurst,* 1 Cal. App. 752, 82 Pac. 1056; *Laidlaw* v. *Marye,* 133 Cal. 170, 65 Pac. 391; *Balfour* v. *Fresno Canal etc. Co.,* 109 Cal. 221, 41 Pac. 877; *Lassing* v. *James,* 107 Cal. 348, 40 Pac. 534; *Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532, 16 Pac. 325. See, also, *Wells* v. *Carpenter,* 65 Ill. 447; *Hoffman* v. *Aetna Ins. Co.,* 32 N. Y. 405, 88 Am. Dec. 337.

Requested Instruction No. 11 would have instructed the jury that when one of the parties to a contract in writing draws the contract, any ambiguity in any of its terms is to be construed more strongly against the party so drawing the instrument. That the court erred in its refusal to give this instruction does not seem to admit of doubt. The instruction states, not only the common law, but, likewise, the statutory law of this state. Nothing approaching a statement of the principle was embodied in any other instruction, and the importance of its bearing on the case, and the prejudice to defendants which must have resulted from its refusal, are evident. (9 Cyc. 590; *Bickford* v. *Kirwin,* 30 Mont. 1, 75 Pac. 520; *Welch* v. *British-American Assur. Co.,* 148 Cal. 223, 82 Pac. 964; *Keith* v. *Electrical Eng. Co.,* 136 Cal. 178, 68 Pac. 598; *Webster* v. *Dwelling House Ins. Co.,* 53 Ohio St. 558, 53 Am. St. Rep. 658, 42 N. E. 546, 30 L. R. A. 719; *Livingston* v. *Arrington,* 28 Ala. 424; *Barney* v. *Newcomb,* 63 Mass. (9 Cush.) 46; *McCarty* v. *Howell,* 24 Ill. 341; *White* v. *Smith,* 33 Pa. St. 186, 75 Am. Dec. 589; *Burkhard* v. *Travelers' Ins. Co.,* 102 Pa. St. 266, 48 Am. Rep. 205; *Richardson* v. *People,* 85 Ill. 495; *Leslie* v. *Bell,* 73 Ark. 338, 84 S. W.

491; *Rankin* v. *Rankin,* 111 Ill. App. 403; *Harley* v. *Sanitary District of Chicago,* 107 Ill. App. 546; *Kohlsaot* v. *Illinois Trust etc. Union,* 102 Ill. App. 110; *Muller* v. *Northwestern University,* 195 Ill. 236, 88 Am. St. Rep. 194, 63 N. W. 110; *Lassing* v. *James,* 107 Cal. 348, 40 Pac. 535.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover the sum of $480, alleged to be due plaintiffs as commissions on the sale of two hundred and forty acres of agricultural land and appurtenances, situate in Gallatin county, with interest from the date of sale, under an agreement in writing dated September 28, 1903, the terms of which are in substance the following: The plaintiffs were given sole power of sale. They were to pay all expenses of examination by proposed customers and of all advertising, and to have as compensation all the selling price over the fixed minimum of $38 per acre; the purchase money to be paid part in cash and part in deferred payments, with interest. Certain encumbrances were to be assumed by the purchaser, and in case the defendants revealed the terms of the agreement, so that a sale was defeated or delayed, or if they sold the land themselves at a lower price or on more advantageous terms than those specified, the plaintiffs were to have five per cent commission. One clause of the agreement is the following: "Authority to sell said land is continued for twelve months and until specially withdrawn in writing."

The complaint contains two counts. The first declares upon the written agreement, alleging that on September 28, 1903, the plaintiffs negotiated a sale at the price of forty dollars per acre, whereby there became due and payable to them the sum claimed, but that the defendants wrongfully and in violation of their agreement refused to pay the same, or any portion thereof. The second declares upon a *quantum meruit,* alleging

that the amount claimed is due as the reasonable value of the services rendered by plaintiffs in effecting the sale.

A special demurrer was interposed to the complaint, the ground thereof being that two causes of action, the first upon an express agreement conferring authority to sell real estate, and the second upon a *quantum meruit*, were improperly united, since the services alleged in both causes of action were the same. This having been overruled, the defendants answered, admitting the execution of the agreement, but denying all other allegations of the complaint.  It was then alleged affirmatively that on October 7, 1903, and while the agreement was still in force, it was by mutual agreement of the parties abandoned and a substitute modification of it made in writing, indorsed thereon, as follows:

"Bozeman, Montana, Oct. 7, 1903.

"This is to state that we will take $35.00 per acre, net to us, for our farm, described above, if sold within the next 30 days, the purchaser to pay the $300.00 interest on mtg. now on hand. If not sold in 30 days, we will not sell.   We would like all cash if possible.

(Signed)      "MINNIE F. DECKER."

As an additional defense the defendants pleaded and relied upon subdivision 6 of section 2185 of the Civil Code, which declares that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission is invalid, unless it be in writing, subscribed by the party to be charged or his agent.

The reply admits that the parties made the agreement embodied in the answer at the date named, but alleges that it was understood by the parties at the time to modify the original agreement, so as to permit a sale at a reduced price for thirty days only, and that thereafter the original agreement should revive and continue in force according to its terms for twelve months and until the authority granted should be revoked by notice in writing.  The case is before us on appeal from the

judgment in favor of plaintiffs and an order denying defendants' motion for a new trial.

The theory of the parties and of the court was that the language of the memorandum dated October 7th, particularly in the expression, "if not sold in thirty days, we will not sell," is ambiguous, and should be interpreted by the aid of proof of the circumstances under which it was executed and the behavior of the parties with reference to it; no question being made as to the binding character of it, though signed by Mrs. Decker alone. The questions presented for review are whether the court erred to the prejudice of the defendants in overruling the demurrer and in instructing the jury.

That the court may, in its discretion, under Code of Civil Procedure, section 672, permit the same cause of action to be stated in different counts in order to meet the exigencies of the case as presented by the evidence (*Manders* v. *Craft,* 3 Colo. App. 236, 32 Pac. 836; *Rucker* v. *Hall,* 105 Cal. 425, 38 Pac. 962; *Cowan* v. *Abbott,* 92 Cal. 100, 28 Pac. 213), counsel for defendants concede, but argue that since the cause of action herein arose out of a contract of employment to sell real estate, which must be evidenced by a writing, no recovery may be had upon a *quantum meruit* for the services rendered thereunder, and hence that it was error to permit the second count to stand, since it unnecessarily complicated the case and probably confused the jury upon the trial.

In so far as the court held that a recovery may be had upon a *quantum meruit* in this character of a case, we think there was no error. The rule is well settled that though a contract, to be valid under the statute (Civil Code, sec. 2185, supra), must be evidenced by a writing and subscribed by the party to be charged or his agent, the fact that it is in writing is a matter of proof and not of allegation in pleading (*Sweetland* v. *Barrett,* 4 Mont. 217, 1 Pac. 745; *Mayger* v. *Cruse,* 5 Mont. 485, 6 Pac. 333; *Hefferlin* v. *Karlman,* 29 Mont. 139, 4 Pac. 201); and upon a complete performance of an express contract for services at a stipulated compensation, there seems to be no sound reason why

a recovery may not be had upon the *quantum meruit*. (*Burgess* v. *Helm,* 24 Nev. 242, 51 Pac. 1025; *Shepard* v. *Mills,* 173 Ill. 223, 50 N. E. 709; *Fells* v. *Vestvali,* 2 Keyes (N. Y.), 152.) In such case the effect of proof of the express contract is to make the stipulated compensation the *quantum meruit* in the case; and, the fact that it must be evidenced by a writing being a matter of proof and not of pleading, the form of the pleading does not affect the merits.

But, conceding that the demurrer should have been sustained, we do not think the appellants can now complain of the court's action in the premises. At the opening of the trial the plaintiffs abandoned the second count entirely and introduced no proof in support of it. The trial was had upon the issues presented by the answer to the first count only, and the instructions submitted to the jury were formulated accordingly. It is apparent, therefore, that the error, if it was error, was one for which this court may not reverse the judgment. (Code Civ. Proc., sec. 778.) Evidently the jury could not have been misled, since plaintiffs failed to introduce proof in support of this count, and the court's instructions impliedly excluded it from their consideration.

Among the instructions submitted are the following: "You are instructed that whether or not the indorsement made upon said contract on the seventh day of October, 1903, was a withdrawal of the authority of the plaintiffs to sell the land, depends upon whether the plaintiffs so understood it at the time. The defendants would not have any right to withdraw the authority given by said written contract from the plaintiffs until after twelve months from the twenty-eighth day of September, 1903, except for some cause which is not claimed here; and unless it was understood and acquiesced in by the plaintiffs that said indorsement of October 7, 1903, was a complete withdrawal of their authority to further attempt to sell the land under the contract after thirty days therefrom, such indorsement cannot have that effect. The mere desire of the defendants to withdraw the authority of the plaintiffs, granted by said contract,

held or expressed at that time or any subsequent time, could not have the effect to so withdraw it, and unless there was complete acquiescence by the plaintiffs in such expressed desire on the part of the defendants (if the desire was so expressed) the contract was not affected by the indorsement." (Instruction No. 13.)

"The court instructs that there is only one writing in evidence that can be considered by you as a possible withdrawal of the authority granted the plaintiffs by the written contract to sell the land, and that is the writing indorsed thereon on October 7, 1903; and whether or not said writing had the effect to withdraw the authority of plaintiffs after thirty days depends entirely upon whether or not the plaintiffs so understood its effect. The defendants had no right to withdraw it without the consent of the plaintiffs, and it devolves upon the defendants to satisfy your minds by a fair preponderance of the proof and that plaintiffs so understood it." (Instruction No. 16.)

The complaint made of these instructions is that they advised the jury that plaintiffs' right of recovery depended upon whether they understood the indorsement of October 7, 1903, was a withdrawal of their authority, whereas the rule applicable is that laid down in section 2214 of the Civil Code, as follows: "If the terms of the promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." This criticism is just. The plaintiffs were the promisees. In the absence of proof of the attendant facts and circumstances admitted in aid of the construction of an agreement, any ambiguity or uncertainty therein must be construed most strongly against the party who caused the ambiguity or uncertainty, and the presumption is indulged that the promisor caused it. (Civil Code, sec. 2219.) In such case the presumption is against the promisor, and the contract should be construed most strongly against him. But, when the attendant facts and circumstances are resorted to as an aid to

burden rests upon the promisor than to show by a preponderance of the evidence that the promisee understood it as he (the promisor) believed he understood it. He is not required to show by a preponderance of the evidence what the promisee in fact understood.

Clearly, then, the theory of these instructions, particularly of the latter, is wrong, in that it distinctly cast upon the defendants—the promisors—the burden of showing by a preponderance of the evidence that the plaintiffs understood the agreement to mean what the defendants accepted as its true meaning. The point at issue was, not what the promisees understood, but what the promisors believed they understood—a different question from the one submitted in the instructions. The instructions refer wholly to the mental condition of the promisees, while the correct rule involves the inquiry: What did the promisors, at the time the agreement was executed, believe the promisee understood this to mean?

The defendants requested the court to submit the following instruction: ''You are instructed that, when one of the parties to a contract in writing draws the contract, any ambiguity in its terms is to be construed more strongly against the party so drawing the instrument.'' It is said that the refusal of this instruction was prejudicial error. While, under section 2219, *supra,* in the absence of proof, the presumption must be indulged that the promisor caused any ambiguity or uncertainty in the terms of the agreement, when the evidence permits the inference —as it does in this case—that the promisee wrote the agreement, selecting himself the terms employed therein to express the understanding of the parties, this presumption gives way to the contrary presumption, that the promisee caused the uncertainty, and the burden is upon him to remove it. If he do not, the uncertainty must be resolved against him.

The instruction requested embodies the familiar principle recognized by the courts generally, of which the statute is but declaratory. (*Bickford* v. *Kirwin,* 30 Mont. 1, 75 Pac. 518; *Gillet* v. *Bank of America,* 160 N. Y. 549, 55 N. E. 292; *Wilson*

v. *Cooper* (C. C.), 95 Fed. 625; *Allen-West Com. Co.* v. *People's Bank* (Ark.), 84 S. W. 1041; *Hill* v. *John P. King Mfg. Co.,* 79 Ga. 105; *Imperial Fire Ins. Co.* v. *Coos County,* 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231; *Noonan* v. *Bradley,* 9 Wall. (U. S.) 394, 19 L. Ed. 757; *Webster* v. *Dwelling House Ins. Co.,* 53 Ohio St. 558, 53 Am. St. Rep. 658, 42 N. E. 546, 30 L. R. A. 719; 9 Cyc. 509.)

The evidence shows that at the time the memorandum was written Mrs. Decker went to the office of the plaintiffs and told Davies of the change she desired made. He thereupon wrote the memorandum to express the change. He says: "I sat down and wrote this second contract, and asked Mrs. Decker to sign it. I don't think I wrote it, using her language, but to follow her wishes. I think I composed it myself, and asked her if it was all right—following her wishes. When I used the language, 'we will not sell' and 'we would like all cash if possible,' I think I was following the language, or approximately so, that she had given me." These facts, which were not disputed, warranted the submission of an instruction embodying the rule stated in the one requested, in the same connection also leaving it to the jury to determine whether, in the use of the expressions, "we will not sell" and "we would like all cash if possible," Davies used terms dictated by Mrs. Decker; for the evidence might justify the conclusion that he did. If such were the case, plaintiffs were not responsible for any uncertainty in these expressions, and were entitled to be relieved of the presumption to be otherwise indulged against them upon the theory that Davies selected these expressions.

Generally, throughout the instructions the court, in referring to the memorandum of October 7th, used the term "withdrawal." While a substituted agreement would in effect have been the same as a withdrawal of the authority granted under the original agreement, the use of this term was not entirely appropriate. The real inquiry was whether the parties intended the memorandum as a substitute for the original agreement, or as a modifica-

tion of it, for temporary purposes only. It was in no event an attempt to withdraw authority entirely.

We have considered this case upon the theory upon which it was tried in the district court. The question whether the terms of the agreement are in fact uncertain or ambiguous was not submitted to us, and we express no opinion thereon.

For the reasons stated, the judgment and order appealed from are reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing opinion.