WEIR, RESPONDENT, v. RYAN, APPELLANT.

(No. 5,269.)

(Submitted September 10, 1923.    Decided September 26, 1923.)

[218 Pac. 947.]

*Master and Servant—Contract of Employment—Breach—Evidence—Sufficiency—General Verdict—Effect.*

Master and Servant—Breach of Contract of Employment—Hiring for Year—Evidence—Sufficiency.
1. In an action for breach of contract of employment, evidence *held* to show that the employment was for one year and not from month to month, and that defendant was not justified in discharging plaintiff at the end of six months because of alleged inefficiency in his work as a farm laborer.

---

1. Right of master to discharge servant under contract for definite period providing services are satisfactory, see notes in 11 **Ann. Cas.** 840; **Ann. Cas.** 1915A, 749.

Same—Work "the Year Round"—Uncertainty of Meaning—Burden of Removing Uncertainty on Party Causing It.

2. Where defendant in offering employment to plaintiff by letter and subsequently in employing him stated orally that he would give him work "the year round" at a compensation of $75 a month, the burden of removing any uncertainty as to the meaning of the term "the year round" was upon defendant as the party who by its use caused the uncertainty to exist, and his failure to do so warranted the jury in finding that the employment was to be from the beginning to the end of the contract year.

Trial—General Verdict—Effect.

3. A general verdict is a finding in favor of the prevailing party upon all the issues presented.

Master and Servant—General Verdict for Plaintiff—When Verdict not Contrary to Law.

4. Where plaintiff in an action for breach of contract of employment had pleaded that he was ready, able and willing to perform his part of the contract, and the jury by its general verdict impliedly found that his work was satisfactory, the verdict was not contrary to the law as declared in the court's instructions to the effect that defendant employer would be justified in dismissing him in case of his habitual neglect of duty, continued incapacity to perform it, *etc.*

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

Action by Lloyd Weir against Walter R. Ryan. From the judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on brief of Counsel.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant.

*Messrs. Frank & Gaines,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to recover damages for an alleged breach of contract. The plaintiff alleges that he was employed by the defendant for one year, and was wrongfully discharged at the expiration of six months. Defendant denies that the employment was for one year, alleges that it was from month to month, and that he was justified in discharging plaintiff be-

cause he proved to be an incompetent irrigator, and a large portion of defendant's lands require irrigation for successful cultivation. The trial of the cause resulted in a verdict for plaintiff, and defendant appealed from the judgment entered thereon.

But two questions are presented: (1) Was the plaintiff employed for one year, and (2) if he was employed for one year, was defendant justified in discharging him before the expiration of that period? In order to reach the verdict which was returned, the jury must have answered the first question in the affirmative and the second in the negative. It is contended that the evidence does not justify either answer.

It is admitted by the parties that their negotiations were in-
[1] itiated by a letter, written on March 21, 1921, by the defendant, who resided near Divide, Montana, to the plaintiff who had formerly lived near Divide, but who was then living with his family in Illinois. The portions of the letter material here are the following: "I think now I could use you as a steady man. * * * I could keep you the year round. * * * I would like to have you here by the 1st of April if possible. * * * Wire me C. O. D. to Divide if you can come." Upon receipt of the letter plaintiff telegraphed to defendant, "We are coming." It is admitted further that upon the arrival of plaintiff in Montana he and defendant had a conversation in which the terms of the employment were agreed upon. Those terms to this extent are not disputed: Plaintiff was employed by defendant to work as a farm laborer; he was to receive as compensation $75 per month, and, in addition thereto, eggs, butter, milk and garden vegetables necessary for his family's use. It is agreed also that plaintiff entered upon the discharge of the duties of his employment about April 5 and that he worked continuously until October 5, when he was discharged.

Plaintiff testified on direct examination that he was employed for one year. On cross-examination when he was asked to give the language used by the defendant to fix the term of

the employment, he testified that defendant said to him, "I will give you work the year round." Defendant denied that he used that language, and testified that the term of the employment was not mentioned at all. The conflict in the evidence the jury resolved in favor of the plaintiff, and for the purposes of this appeal established as a fact that the defendant did employ the language quoted above.

Counsel for defendant insist that conceding that the contract [2] contained that language, the question of the term of employment is one of law, and the contract should be construed to mean employment from month to month only, and not for a year; but counsel have failed to cite any authority for the construction of which they contend. The phrase "the year round" is not defined by any of the standard dictionaries and has not been defined by the courts, so far as our investigation discloses. In Roget's Thesaurus of English Words and Phrases, it is said that the phrase refers to duration, and "duration" is defined as "the portion of time during which anything exists." (Webster's International Dictionary.) The Literary Digest lexicographer defines the phrase as follows: "Passing through the same series of mutations throughout the year; from beginning to end." Upon these authorities it may be said fairly that plaintiff was employed for one year—from the beginning to the end of the contract year. But if it may be said that the phrase is a provincialism the meaning of which is to be determined by local usage, defendant is not in any better position. The only evidence of local meaning is found in the testimony of the plaintiff, who said he understood the phrase to mean for one year, and error is not predicated upon the ruling admitting the testimony. While that evidence is slight, plaintiff invokes in behalf of its sufficiency the statutory rule announced in section 7545, Revised Codes of 1921, that, in cases of uncertainty not removed by the ordinary rules of construction, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. The promisor is presumed to be such party. In this

instance, however, recourse need not be had to that presumption. Defendant admitted that he wrote the letter of March 21, in which the phrase or its equivalent was used, and by their general verdict the jury found that the phrase employed in the contract is the language of the defendant. The burden of removing the uncertainty was therefore upon the defendant, and, failing as he did to discharge that burden, the language must be construed most strongly against him. (*Blankenship v. Decker,* 34 Mont. 292, 85 Pac. 1035.) Under these circumstances we hold that the evidence is sufficient to sustain the finding that plaintiff was employed for one year.

In his answer defendant alleges that he discharged plaintiff because of his inexperience and incompetency as an irrigator; but he admitted in his testimony that during the irrigating season he did not criticise plaintiff's work; that at the time he discharged plaintiff the irrigating season was over and that further irrigating would not be required until after the expiration of the year for which plaintiff claims he was employed. Furthermore, defendant admitted that at the time he discharged plaintiff he assigned as the only reason for his action that his banker had insisted that he employ a single man instead of a married man. William M. Weir testified for plaintiff that immediately after the dismissal he had a conversation with defendant, in which defendant said: "His [plaintiff's] work was perfectly satisfactory, but, just as I told him, my banker said I had to cut down expenses, and so I hired a single man in his place for $30 a month." In rebuttal defendant denied that he made the first part of this statement, but admitted that he told William M. Weir that the reason he gave plaintiff for discharging him was that his banker had told him to cut down expenses. Upon cross-examination the defendant testified that in the fall of 1921 the labor market became flooded, and wages were reduced greatly, and that he did employ a man in plaintiff's place for from $35 to $45 per month. Finally in his cross-examination defendant testified: "To come right down to cases, the real reason for wanting to

make the change was not necessarily that he was a bad irrigator, and that I had got a man to do the winter work for $35 to $40 a month, but he did not take any interest in his work, and was not doing it." In view of these conflicting statements the jury was justified in finding that defendant did not have any legitimate reason for discharging plaintiff.

It is urged that the verdict is contrary to the law as declared [3, 4] in the court's instructions 3, 5 and 6. Those instructions were given at defendant's request, and read as follows:

"(3) You are instructed that an employee is bound to exercise a reasonable degree of skill, unless his employer has notice, before employing him, of his want of skill.

"(5) You are instructed that an employment, even for a special term, may be terminated at any time by the employer in case of any willful breach of duty by the employee in the cause of his employment, or in case of his habitual neglect of his duty or continued incapacity to perform it.

"(6) You are instructed that an employee, dismissed by his employer for good cause, is not entitled to any compensation for services rendered since the last day upon which a payment became due to him under the current contract."

Counsel have failed to indicate wherein the verdict is contrary to or in conflict with those instructions or any of them. The general verdict is a finding in favor of plaintiff upon all the issues presented. (*City of Butte* v. *Mikosowitz*, 39 Mont. 350, 102 Pac. 593.) One of the issues raised by the pleadings was whether plaintiff was ready, able and willing to perform his part of the contract of employment, and from the testimony of the witness William M. Weir the jury was justified in finding that his work was entirely satisfactory to the defendant. In this view of the case it becomes apparent that the verdict is not contrary to the law as declared by the trial court.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, STARK and GALEN concur.