KASUN, RESPONDENT, *v.* TODEVICH, APPELLANT.

(No. 5,511.)

(Submitted September 16, 1924. Decided October 6, 1924.)

[229 Pac. 714.]

*Undertakings on Appeal—Justices' Courts—Interpretation of Contracts—Supplying Omitted Word by Construction—Sureties—Liability—Judgments—Collateral Attack—Dismissal of Action—Failure to have Judgment Entered—Statute.*

Undertaking on Appeal—Interpreted Most Strongly Against Sureties.
     1. The language of an undertaking on appeal must be interpreted most strongly against the sureties and upon them rests the burden of explaining or removing whatever uncertainty exists therein.
Contracts—Interpretation—Meaningless Words Disregarded.
     2. Under section 7544, Revised Codes, where a word appears in a contract which is meaningless in the connection in which it is employed, it must be disregarded in the interpretation of the writing.
Same—When Omitted Word to be Supplied by Construction.
     3. Where the context of a writing readily and naturally supplies a word omitted therefrom by inadvertence or clerical misprision and without which other words used therein cannot have their proper effect, the omission may be supplied by construction and the instrument read as though it had been employed in its proper place.
Undertaking on Appeal—Word Omitted—Proper Word Supplied by Construction.
     4. In an action to recover on an undertaking on appeal from a justice's court to the district court, by which the sureties contracted that the appellant would pay the amount of the judgment appealed from if the appeal should be withdrawn or dismissed, followed by the words *"in* the amount of any judgment," *etc.,* that might be

recovered in the district court, *held,* under the above rules, that the word "in" being meaningless in the connection in which used, must be read "or"—the word employed in section 7124, Revised Codes, prescribing the form of the undertaking—and that the contention of the sureties that by the use of the word "in" they were relieved from liability for the amount of the judgment obtained in the district court is without merit.

Judgments—Collateral Attack—Rule.

5. Unless a judgment is void upon the face of the judgment-roll it is not subject to collateral attack.

Same—Dismissal of Action for Failure to have Judgment Entered— Statute—When Properly Invoked.

6. While the language of subdivision 6 of section 9317, Revised Codes, that an action may be dismissed by the court when after verdict or final submission the party entitled to judgment neglects to have it entered for more than six months, is mandatory, the provision can be invoked only in a case which comes clearly within its terms.

Same—Dismissal of Action for Failure to Have Judgment Entered— When Motion too Late.

7. *Held,* that dismissal of an action for neglect of the successful party to have judgment entered for more than six months after verdict or final submission must precede entry of judgment, and that therefore a judgment entered after the expiration of the six months period, but before motion to dismiss is interposed, is not void, and hence not open to collateral attack.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by Kalara Kasun against Roko Todevich. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. F. A. Ewald,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. P. Costello,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In February, 1913, in an action pending in the justice of the peace court for Great Falls township, Cascade county, wherein Kalara Kasun was plaintiff and Ivan Polich was defendant, the plaintiff recovered a money judgment, and Polich appealed to the district court. To render his appeal effective

he filed an undertaking on appeal, with John Mihelich and Roko Todevich as sureties. After more than four years the cause was brought to trial, and on April 30, 1917, a verdict was returned in favor of the plaintiff and against Polich for $261.80, but judgment on the verdict was not rendered or entered until December 6, 1917. Thereafter counsel for Polich moved the court to set aside the judgment and dismiss the action, on the ground that the judgment had not been entered for more than six months after the verdict was returned. Five years elapsed before the motion was heard, but it was finally denied and Polich undertook to appeal from the order, but failed to take his appeal within the time limited by statute, and his attempted appeal was dismissed. (*Kasun* v. *Polich,* 70 Mont. 618, 236 Pac. 1116.) John Mihelich died and in September, 1923, this action was commenced against Todevich, the remaining surety, to enforce the penalty of the undertaking on appeal referred to above. The parties agreed upon the facts and the cause was submitted to the court without a jury, with the result that a judgment was rendered and entered in favor of the plaintiff and against Todevich for $388 and costs, and it is from that judgment that this appeal is prosecuted.

It is insisted by the appellant Todevich that he is not liable on the undertaking, because the appeal taken by Polich from the judgment entered in the justice of the peace court was neither withdrawn nor dismissed. The undertaking on appeal, after reciting that a judgment had been recovered from which Polich desired to appeal, proceeds: ''Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, John Mihelich and Roko Todevich of said county of Cascade do hereby jointly and severally undertake in the sum of four hundred seventy-five and no-100 dollars that the said appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed in the amount of any judgment and all costs that may be recovered against him in the action in the district court.''

Section 7124, Revised Codes of 1907, in force at the time
[1-4] the appeal was taken (now section 9757, Rev. Codes
1921), provided that the undertaking on appeal from a justice
of the peace court to the district court must be conditioned
"that the appellant will pay the amount of the judgment ap-
pealed from, and all costs, if the appeal be withdrawn or dis-
missed, or the amount of any judgment and all costs that may
be recovered against him in the action in the district court."
The meaning of the statute is perfectly plain: If the appeal
be withdrawn or dismissed, the limit of liability is the amount
of the judgment rendered in the justice of the peace court with
costs, but if the appeal· be not withdrawn or dismissed, the
limit of liability is fixed by the amount of the judgment and
costs recovered in the district court.  The only hope of escape
for the sureties is· that the party appealing will be successful
in the district court, but if judgment there goes against him
and becomes final, the liability is absolute.

The undertaking above complies strictly with the statute,
except that after the word "dismissed" the word "in" is in-
serted instead of the statutory term "or," and because of this
error appellant Todevich claims absolute exemption from the
liability which otherwise he could not escape.  In other words,
he contends that the sureties on the undertaking agreed to be-
come liable only in the event the appeal was withdrawn or
dismissed, and since it was neither withdrawn nor dismissed,
liability ceased after the cause was tried in the district court.
This argument ignores all of the language of the undertaking
after the word "dismissed," and to justify his position counsel
for appellant is driven to say that the portion ignored "is
indefinite and unintelligible, and is in no way connected with
that part of the paragraph preceding it."  But this is the un-
dertaking of the sureties, and the· language employed in
it is their language, to be interpreted most strongly against
them (sec. 7545, Rev. Codes 1921), and they must bear
the burden of explaining or removing whatever uncer-
tainty exists.  (*Blankenship* v. *Decker,* 34 Mont. 292, 85

Pac. 1035; *Weir* v. *Ryan,* 68 Mont. 336, 218 Pac. 947.) Instead of explaining or removing the uncertainty, appellant seeks to take advantage of it. In effect he is contending that, because of his mistake or design in inserting the word "in" where "or" should have been used, he is relieved from liability, even though the undertaking in its present form enabled his principal, Polich, to gain every advantage which the appeal could afford.

We agree with counsel for appellant that this undertaking is to be treated as an ordinary contract, and that it is not the province of the courts to make a new contract for the parties, or to alter the one that they made for themselves; but it is the province of the courts to interpret the contract, and to that end the Code prescribes certain rules for their guidance, among them the following:

"Sec. 7532. The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other. * * *

"Sec. 7534. A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done, without violating the intention of the parties. * * *

"Sec. 7544. Words in a contract which are wholly inconsistent with its nature, or with the main intention of the parties, are to be rejected."

The word "in" is meaningless in the connection in which it is employed, and it will be disregarded under the authority of the section of the Code last quoted.

We do not agree with appellant's counsel, however, that the remaining portion of the paragraph is altogether unintelligible; on the contrary, we think the intention of the parties is made manifest. The sureties agreed that Polich would pay (a) the amount of the judgment appealed from if the appeal should be withdrawn or dismissed; (b) the amount of any judgment and all costs that might be recovered in the action in the district court. It is apparent that something has been

omitted after the word "dismissed," but the undertaking was given pursuant to the provisions of section 7124 above, and is to be construed with reference to that statute. The statute discloses that the word "or" should have been inserted after the word "dismissed," and the undertaking on its face fairly indicates the same thing. Therefore, if it be necessary to give effect to what follows, the omitted word will be supplied by construction and the instrument read as though it had been employed. (*Whitney* v. *Darrow*, 5 Or. 442; *Frankel* v. *Stern*, 44 Cal. 168; 39 Cyc. 679; 13 C. J. 535.)

In *Irwin* v. *Nichols*, 87 Ark. 97, 112 S. W. 209, there was involved a contract in which appeared the following: "We can promise to give you work at $2.50 per day when the mill is not running, as we cannot afford it." Concerning it the court said: "Words which are omitted by inadvertence from a written contract may be supplied by construction at law, without resort to reformation, if the context shows what words are omitted. * * * The omission of the word 'not' before the word 'promise' is a plain inadvertence, or clerical misprision which the context itself readily and naturally supplies. Otherwise the different parts of the letter are not only contradictory, but absurd and meaningless. No one could read the letter without seeing that the word 'not' was intended to be used before the word 'promise.'"

In *Dodd* v. *Mitchell*, 77 Ind. 388, the lease in question provided: "The parties of the second part agree to pay $4.50 per acre, and the first payment to be due the twenty-fifth day of December, 1875, and the balance to be paid yearly thereafter." In construing the instrument the court said: "It was undoubtedly the intention of the parties that the lessees should pay $4.50 per acre yearly. * * * Where a material word appears to have been omitted in a lease by mistake, and other words cannot have their proper effect unless that word be introduced, such lease must be construed as if that word were inserted, although the particular passage where it ought to stand conveys a sufficiently definite meaning without it."

Many other illustrations of the application of the rule will be found cited in 4 Page on Contracts, section 2032.

The contention that by the use of the word "in" instead of "or" the sureties escaped liability is altogether without merit.

It is next contended that the sureties are not liable because [5–7] the judgment obtained by Kasun against Polich in the district court is void, and it is argued that the judgment is void because it was not entered until more than six months had elapsed after the verdict was returned. Section 9317, Revised Codes, provides that: "An action may be dismissed * * * (6) By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months." The attack now made upon the judgment, which was entered December 6, 1917, is a collateral one, and could succeed only in the event that the judgment is void upon the face of the judgment-roll. To sustain his theory that the judgment is void, counsel for appellant invokes the provision of subdivision (6) above, but he misinterprets the language of the statute as well as the decisions of this court construing the same.

It is true we held that the language of the subdivision is mandatory (*State ex rel. Stiefel* v. *District Court,* 37 Mont. 298, 96 Pac. 337), nevertheless it can be invoked only in a case which comes clearly within its terms (*Joyce* v. *McDonald,* 51 Mont. 163, 149 Pac. 953), and such is not the case before us. While Polich might have been able to secure a dismissal of the action against him after the expiration of six months from April 30, 1917, and before the judgment was entered on December 6, he failed to take advantage of his opportunity, but waited until the judgment was entered before he interposed his motion. At the expiration of one year from December 6, 1917, the judgment became final, as did the order denying his motion to dismiss the action when his pretended appeal failed. It is not the lapse of more than six months from final submission without the entry of judgment which renders the action subject to dismissal, but the negligence on the part of the person

entitled to judgment in failing to have it entered for more than six months. (*Rule* v. *Butori*, 49 Mont. 342, 141 Pac. 672; *Soliri* v. *Fasso*, 56 Mont. 400, 185 Pac. 322.)  The statute clearly contemplates that the dismissal must precede the entry of judgment, and if the judgment is entered after the expiration of the six months period, but before a motion to dismiss is interposed, it is not void, hence not open to collateral attack.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN, GALEN and STARK concur.