THE COURT adjudged the notice to be good. Laws Va. (Rev. Code, 230, c. 141).

McCALL (VEACOCK v.). See Case No. 16.-904.

## Case No. 8,675.

McCALLON v. WATERMAN.

[1 Flip. 651; 4 N. Y. Wkly. Dig. 382; 4 Cent. Law J. 413.] [3]

Circuit Court, E. D. Michigan. March, 1877.

REMOVAL OF CAUSES—DEFAULT ENTERED.

A case cannot be removed to a federal court after default has been entered, and before the same has been set aside.

[Cited in Chester v. Wellford, Case No. 2,662; Deford v. Mehaffy, 13 Fed. 484; Detroit v. Detroit City Ry. Co., 54 Fed. 8.]

On motion to remand. Suit was commenced by plaintiff in the circuit court of Marquette county by attachment. This was on January 31, 1876. The sheriff levied on certain lands, and as the defendant was a non-resident, publication was made under the state statute. Plaintiff's attorney entered the appearance of defendant July 6, 1876, and on the 22d of same month took his default for not pleading to the declaration. The default was, by order, made absolute on the 12th of August, and the usual reference made to assess damages. After the entry of the default (on the 23d day of July), but

[1] [From 1 Abb. (U. S.) 212.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

[3] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 4 N. Y. Wkly. Dig. 382, gives only a partial report.]

prior to its being made absolute, a petition and bond was filed for the removal of the cause. The motion now made is to remand, on the ground that the petition could not be filed till the default was set aside.

Mr. Canfield, for the motion.
Mr. Holbrook, oppposed.

BROWN, District Judge. By section 3 of the act of 1875 [18 Stat. 470]. the petition for removal must be filed "before or at the term at which said cause could be first tried, and before the trial thereof." Probably no question connected with the removal of causes from the state courts has given rise to more discussion than the time at which such removal must be made. Under the 12th section of the judiciary act [1 Stat. 79], defendant was compelled to file his petition "at the time of entering his appearance at the state court." Under this act it was held that defendant waived a removal by demurring. pleading, answering, or otherwise submitting himself to the jurisdiction of the state court. By the act of July 27, 1866 [14 Stat. 306], the time was enlarged, and the defendant was allowed to file his petition "at any time before the trial or final hearing of the cause;" and by act of March 2, 1867 [14 Stat. 558], giving the right of removal upon filing an affidavit of prejudice or local influence, the words "trial or final hearing" were changed to "final hearing or trial." Finally, the new act of 1875 omitted the words "final hearing," and used simply the word "trial." Under the acts of 1866 and 1867, the word trial was held to refer to cases at law; hearing, to suits in equity. The word trial, as used in the act of 1875, undoubtedly extends to both classes of cases, and means, according to Bouvier (2 Law Dict. 602), "the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause for the purpose of determining such issue." In the case of U. S. v. Curtis [Case No. 14,905], under a statute requiring a copy of an indictment to be delivered to the prisoner two days before the trial, it was held the word trial meant the trying of the cause by jury, and not the arraignment and pleading preparatory thereto. In Stevenson v. Williams, 19 Wall. [86 U. S.] 572, it was held that the act of 1867 did not authorize a removal after an appeal had been taken from a final judgment of the court of original jurisdiction to the supreme court of the state. In delivering the opinion, Mr. Justice Field remarked: "The act of congress of March 2, 1867, under which the removal was asked, only authorized a removal where an application is made 'before the final hearing or trial of the suit;' and this clearly means before final judgment in the court of original jurisdiction where the suit is brought. Whether it does not mean still more, before the trial or hearing of the suit has commenced, which is followed by such

judgment, may be questioned, but it is unnecessary to determine that question in this case." In the case of Insurance Co. v. Dunn, in the same volume (page 214), it is said that the words "at any time before the final hearing or trial of the suit," used in the act of 1867, are not of the same import as the language of the act of 1866 on the same subject. "At any time before the trial or final hearing." and where, under a state statute, giving the party as of right a second trial, it was held that the first trial was not final within the meaning of the act, and that a petition might be filed after the verdict had been set aside and the new trial granted under the statute. In the case of Vannevar v. Bryant, 21 Wall. [88 U. S.] 41, a transfer was held to have been properly refused after one trial, but before the right to the second had been perfected. The petition was filed under the act of 1867, and the court observed, with somewhat more definite language than was used in the case of Stevenson v. Williams [supra], "the hearing or trial here referred to is the examination of the facts in issue; hearing applied to suits in chancery, and trial to actions at law." It seems now to be settled, at least in federal courts, that if a trial has been had, the verdict set aside, and a new trial granted, the cause is still in a condition to be removed. Kellogg v. Hughes [Case No. 7,662]; Johnson v. Monell [Id. 7,399]; Akerly v. Vilas [Id. 119]; Dart v. McKinney [Id. 3,583]; Minnett v. Milwaukee & St. P. Ry. Co. [Id. 9,636].

In a defaulted case there is no trial in the ordinary sense in which that word is used; but at the same time there is undoubtedly a limit to the time within which such a case may be removed to this court. Clearly it cannot be removed after judgment. I deem it equally clear that a litigated case could not be removed after verdict and before judgment. The verdict is the conclusion of the trial. It is an adjudication of the questions put in issue by the pleadings, and unless a motion in arrest, or for a new trial is made, the entry of a judgment follows as a matter of course, except so far as the assessment of damages is concerned. A default has practically the same effect as a verdict. Until set aside, it is a final determination of the matters set up in the declaration. The defendant can take no step in the cause until the default is vacated, and can be heard only to question the amount of damages. "Default," says Tidd, "is an admission of the cause of action." In Johnson v. Pierce, 12 Ark. 599, it is said: "By failing to defend, the defendant admitted the truth of the allegations contained in the declaration; that is, he admitted the existence of every fact which the plaintiff would have been called to prove in order to maintain his action; because, by refusing to make an issue with the plaintiffs upon the facts set forth by them, he deprives them of the opportunity of making such proof, and therefore from necessity the facts must

stand admitted upon the same principle that whatever is not traversed in the pleadings is admitted." In Cook v. Skelton, 20 Ill. 107, it is said: "The default admitted every material allegation in the plaintiff's declaration, and left nothing but the assessment of damages to be determined. The defendant has no right to give any evidence which would defeat the action, but only such as tends to reduce the damages."

The default, which is an admission of the plaintiff's case, stands in the place of a trial in a litigated action, which is only a determination of the issues made by the pleadings of both parties. As vacating a default is a matter of discretion, it seems proper that the discretion of the court, which caused the default to be entered, should be invoked to set it aside.

I think the petition for removal was prematurely filed, and the case must be remanded to the circuit court for the county of Marquette for further proceedings.