STATE EX REL. STIEFEL, RELATOR, v. DISTRICT COURT ET
AL., RESPONDENTS.

(No. 2,578.)

(Submitted June 18, 1908.   Decided June 25, 1908.)

[96 Pac. 337.]

*Dismissal—Default—Judgment—Failure to Enter—Statutes—
Mandamus.*

Dismissal—"Final Submission"—Statutes. ·
  1.  *Held*, under the rule of *noscitur a sociis*, that the words "final
  submission," found in section 1004, Code of Civil Procedure, which
  provides that an action may be dismissed by the court when, after
  verdict or final submission, the party entitled to judgment neglects to
  demand and have the same entered for more than six months, mean
  a submission which is the equivalent of the return of a verdict, and
  refer to that state of the case when a judgment may rightfully be
  demanded as of course.

Default—Right to Judgment.
  2.  A default is an admission of plaintiff's case, stands in the place of
  a trial in a litigated action, has the same effect as a verdict, and is a
  final submission of the case as against the defaulting defendant; hence,
  upon default, plaintiff is entitled to judgment as of course, to the
  same extent as though defendant had defended and a verdict in favor
  of plaintiff had been returned upon the trial of the cause.

Parties Defendant—Judgment Against One or More.
  3.  Where several defendants are jointly and severally liable, the dis-
  trict court may, under section 1002, Code of Civil Procedure, enter
  judgment against one or more of them, leaving the action proceed
  against the others.

Default—Failure to Enter Judgment—Dismissal—Excuse for Delay.
  4.  The fact that another suit, upon the same causes of action and
  between the same parties, is pending in another state is not any excuse
  for failure to have a judgment entered within six months after the
  default of one of several defendants, so as to prevent a dismissal.

Same—Failure to Answer—Waiver.
  5.  Where one of the several defendants defaulted, the mere fact
  that one of his codefendants had set forth facts in his answer which, if
  true, constituted a complete defense for the nonanswering defendant as
  well as for the one answering, did not deprive the court of the right to
  enter a judgment by default, since by failure to answer he waived the
  right to assert a defense, and no one else could interpose it for him.

Same—Failure to Enter Judgment—Dismissal—Discretion.
  6.  Where a defaulted defendant presented a *prima facie* right to
  have the cause against him dismissed for failure of plaintiff to have
  judgment entered within six months after entry of default, and the
  plaintiff did not offer any valid excuse why dismissal should not be
  had, there was not anything to put judicial discretion in motion (if
  such a motion was addressed to the court's discretion), and the re-
  quest for dismissal should have been granted.

Discretion—How Put in Motion.
  7.  Judicial discretion cannot be exercised unless there be facts and
  circumstances to put it in motion.

Default—Failure to Enter Judgment—Dismissal—Mandatory Statute.
8. *Held*, that the provision of section 1004, Code of Civil Procedure, that an action ''may'' be dismissed by the court when after verdict or final submission the party entitled to judgment neglects to demand and have the same entered, is mandatory, and not a matter addressed to the discretion of the district court.

Dismissal—End of Litigation—Policy of Law.
9. The policy of the law is to put an end to litigation at the earliest possible moment.

Default—Failure to Enter Judgment—Dismissal—*Mandamus*—When Proper Remedy.
10. Where two and one-half years had elapsed since plaintiff, in an action against several defendants (some of whom were nonresidents of the state upon whom service of summons could not be had), was entitled to have judgment by default entered against one of them (a resident), but none had been demanded or entered, and where it appeared from the record that a considerable time would elapse before a final judgment could be entered, if it ever could be done, *mandamus* was the proper remedy to compel the court upon proper motion to dismiss the case against the defaulted defendant, since appeal from the final judgment in the case would not furnish that plain, speedy and adequate remedy contemplated by section 1962 of the Code of Civil Procedure.

Original application for a writ of mandamus by the state, on relation of E. A. Stiefel, against the district court of the ninth judicial district and W. R. C. Stewart, judge thereof, to compel the dismissal of a case against relator because of plaintiff's failure to demand and have entered a judgment by default within the statutory period. Writ granted.

*Messrs. Walrath & Patten*, and *Mr. Walter Aitken*, for Relator.

*Messrs. Hartman & Hartman*, for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Original application for writ of *mandamus*. From the affidavit of the relator it appears that in November, 1905, an action was commenced in the district court of Gallatin county by the Commercial National Bank against Harris Kirk, A. L. Love, the relator, E. A. Stiefel, C. J. Kirk, and C. P. Kirk; that service of summons was had upon the defendants Harris Kirk, Love, and Stiefel; that thereafter, in December, 1905, the default of the defendant Stiefel for want of an appearance was duly entered;

that in March, 1908, Stiefel moved the district court to dismiss the action as against him, for failure on the part of the plaintiff to demand and have entered a judgment against him within six months after his default was entered.   This motion was denied, and the application was thereupon made to this court for relief.

In response to the alternative writ issued, the respondents filed an answer admitting the allegations of the affidavit material to be considered here, and setting forth affirmatively, and more in detail, facts appearing in the case of *Bank* v. *Kirk et al.*   It appears from this answer that the defendants C. P. Kirk and C. J. Kirk have been at all times since the commencement of the action nonresidents of this state and residents of the state of Pennsylvania, and that service of process could not be made upon either of them in this action; that defendants Harris Kirk and Love appeared by demurrers; that the demurrers were overruled; that the defendant Harris Kirk afterward filed an answer, and plaintiff demurred thereto; that the default of the defendant Love, for failure to answer within the time allowed, was entered in February, 1906; that another action by the same plaintiff against the same defendants upon the same causes of action has been commenced in the state of Pennsylvania, and by reason of this fact, and by reason of certain allegations contained in the separate answer of Harris Kirk, the plaintiff has never applied to the district court for judgment against Stiefel or Love.   To this answer the relator interposed a general demurrer, and the proceeding was thereupon submitted for determination.   The case of *Bank* v. *Kirk et al.* was brought pursuant to section 451 of the Civil Code of 1895, as amended by Session Laws of 1903, p. 45, and the liability, if any, of the defendants is joint and several.

Section 1004 of the Code of Civil Procedure, among other things, provides: "An action may be dismissed or a judgment of nonsuit entered in the following cases: * * * (6) By the court, when after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months."   Applying the rule of *noscitur*

*a sociis,* the words "final submission," found in this subdivision, mean a submission which is the equivalent of the return of a verdict, or, in other words, they refer to that state of the case when a judgment may rightly be demanded, as of course.

In *McCallon* v. *Waterman,* 1 Flip. 651, Fed. Cas. No. 8675, it is said: "The verdict is the conclusion of the trial. It is an adjudication of the questions put in issue by the pleadings, and, unless a motion in arrest or for a new trial is made, the entry of a judgment follows as a matter of course, except so far as the assessment of damages is concerned. A default has practically the same effect as a verdict. Until set aside, it is a final determination of the matters set up in the declaration. * * * The default, which is an admission of the plaintiff's case, stands in the place of a trial in a litigated action, which is only a determination of the issues made by the pleadings of both parties." This language is quoted with approval in *Hibernia Savings & Loan Society* v. *Churchill,* 128 Cal. 633, 79 Am. St. Rep. 73, 61 Pac. 278.

In *Johnson* v. *Pierce,* 12 Ark. 599, it is said: "It is true that, by failing to defend, the defendant admitted the truth of the allegations contained in the declaration—that is, he admitted the existence of every fact which the plaintiff would have been called to prove in order to maintain his action, because, by refusing to make an issue with the plaintiffs upon the facts set forth by them, he deprives them of an opportunity of making such proof, and therefore from necessity the facts must stand admitted upon the same principle that whatever is not traversed in pleading is admitted."

We agree with the conclusions reached by these courts. Upon the entry of Stiefel's default, there was a final submission of the case as against him; that is, the plaintiff was thereupon entitled to judgment as of course, to the same extent that it would have been had Stiefel defended and a verdict in favor of the plaintiff had been returned upon the trial of the case.

But it is urged that a court ought not to determine a case piecemeal and enter up several judgments when one would be

ample, and, while we admit the force of the argument if directed to the legislature, we cannot concede it when addressed to a court, for, while the legislature might have provided properly for but one judgment in any case, it has not done so. Section 1002, Code of Civil Procedure, particularly clothed the district court with power to enter more than one judgment in a case in which the defendants are liable jointly and severally. (See, also, *State ex rel. Heinze* v. *District Court*, 28 Mont. 227, 72 Pac. 613.) The fact that another action between the same parties is pending in Pennsylvania is not any excuse whatever for the failure to have the judgment entered in the district court of Gallatin county.

But it is urged with great emphasis that, since the defendant Harris Kirk has set forth in his answer facts which, if true, constitute a complete defense for Stiefel as well as himself, the district court could not enter a judgment against Stiefel by default. This, however, cannot be true. In *City of Chicago* v. *English*, 198 Ill. 211, 64 N. E. 976, it is said: "The default admits every material and traversable fact alleged in the declaration." Stiefel may have had a complete defense, but, if he voluntarily chose to waive it, no one else can interpose it for him. Counsel for respondents cite with confidence the case of *Morse* v. *Callantine*, 19 Mont. 87, 47 Pac. 635, and while there is language found in the opinion which at first blush would seem to give color to counsel's contention, we think a consideration of the entire case will disclose the fact that the decision is, after all, not applicable here, notwithstanding the particular phraseology employed. All that is determined is that, since Callantine presented to the district court a showing of due diligence, excusable negligence for his default, and tendered an answer which contained a complete defense, the district court ought to have vacated the judgment and set aside his default, and we undertake to say that it is a rule of practically uniform operation in this country that, to secure an order setting aside a default, the moving party must show (1) due diligence in making his application, (2) excusable negligence, mistake, or inadvertence,

and (3) a good defense upon the merits. It requires a showing of all these facts, and nothing less will suffice. Therefore, we assert with confidence that if, in the *Morse-Callantine Case,* Callantine had not shown excusable negligence and due diligence in making his application, this court would not have reversed the district court, even though his codefendant, Huling, had presented an answer containing a defense for both of them. Therefore the mere fact that the defendant Harris Kirk has presented facts which, if true, will constitute a complete defense for the defendant Stiefel, cannot avail Stiefel, who has voluntarily waived the right to assert such a defense or to have it asserted for him.

It did not require any judicial determination as to the amount of the attorney's fees which plaintiff might recover as against the defendant Stiefel, for, under a rule of the district court, the amount of the attorney's fees in default cases is a mere matter of mathematical calculation.

But it is said by respondents that it appears from the face of the complaint, in the case of *Bank* v. *Kirk et al.,* that the plaintiff is not entitled to a judgment as against any of the defendants upon its seventh cause of action. Assuming that this is so, the particular amount for which judgment may be entered, is not the determining factor as to when the cause is finally submitted as against the defaulting defendant. Under subdivision 6, section 1004, above, it was the duty of the plaintiff, within six months after Stiefel's default was entered, to demand and have entered *the* judgment to which the plaintiff was entitled.

It is further contended that Stiefel's motion to have the case dismissed as to him was one addressed to the sound discretion of the trial court, and, if this be conceded for the sake of argument, still it is elementary that there must have been something to move the court's discretion. In *State ex rel. Robinson* v. *Clements,* 37 Mont. 96, 94 Pac. 837, it is said: "Discretion cannot be exercised unless there be facts and circumstances to put it in motion." Stiefel presented with his motion a *prima*

*facie* right to have the cause dismissed as against him, and, unless the plaintiff overcame this, the motion should have been granted. In our opinion there was not any valid excuse offered why the case should not be dismissed as against Stiefel. But we do not concede that this was a matter addressed to the discretion of the trial court. In our opinion, section 1004, subdivision 6, is mandatory. It is true that in this section the word "may" is used, but that is not decisive of the question. In discussing the same term, employed in section 1158, this court, in *Montana Ore Pur. Co.* v. *Lindsay,* 25 Mont. 24, 63 Pac. 715, employed this language: "This word [may] is sometimes permissive only; sometimes it is imperative. Legislative intent determines whether it is directory or mandatory. According to its natural and usual signification, the word 'may' is enabling and permissive only, and so it must be interpreted where no right of or benefit to the public, nor right of persons other than the one upon whom the permission is conferred, depends upon giving to it the obligatory meaning; but the word is interpreted to mean 'shall' or 'must' whenever the rights of the public or of third persons depend upon the exercise of the power or performance of the duty to which it refers. In those cases where the public or persons possess the right to require that the power conferred by the word 'may' be exercised, the word is imperative and mandatory, being the equivalent of 'shall' or 'must.'" And again: "The provision was enacted for the benefit of third persons and to preserve their rights."

If the plaintiff may, after having the default of the defendant entered, delay indefinitely to demand judgment, he may literally suspend the statute of limitations, for the statute would not commence to run until the entry of judgment. It is manifest that section 1004, subdivision 6, was enacted for the benefit of the defeated or defaulting party, and to prevent the suspension over his head of an action which ought to be ended. The policy of the law is to put an end to litigation at the earliest practical moment. At the expiration of six months from the time his default was entered, Stiefel had a right to have the

action dismissed as against him, for failure of plaintiff to demand and have entered a judgment.    (*Franzman* v. *Davies,* 32 Mont. 251, 80 Pac. 251.)

Finally, it is said that *mandamus* is not the proper remedy; that the defendant Stiefel has a plain, speedy and adequate remedy by appeal from the final judgment in the case of *Bank* v. *Kirk et al.* Of course, if a judgment is entered in that case, the action of the district court in overruling Stiefel's motion could be reviewed on appeal from that judgment; but more than two and one-half years have elapsed since the plaintiff was entitled to judgment, and none has yet been entered, and upon this record it appears that a considerable time, at least, will elapse before any judgment can be entered, if it can ever be done. Where the relator is asking for something to which he is entitled as a matter of right, we cannot see any reason whatever for denying him the relief, and then say to him: "Wait until a judgment is entered, then appeal, and the judgment will be reversed as it was in *Franzman* v. *Davies,* above." This case strikingly illustrates the necessity for the rule we are adopting. If only one judgment is to be entered in the case of *Bank* v. *Kirk et al.,* and that judgment determine the rights of all the parties, then it is apparent that there may never be any end to this litigation, and that such judgment, in any event cannot be entered until the defendants C. P. Kirk and C. J. Kirk change their residence from Pennsylvania to Montana, or voluntarily come to Montana and submit to the jurisdiction of the Gallatin county court. Under such circumstances, we do not think that the appeal furnishes the plain, speedy and adequate remedy contemplated by section 1962 of the Code of Civil Procedure.

It is ordered that a peremptory writ of *mandamus* issue, directing the respondents to set aside the order made overruling the relator's motion, and to dismiss the case of *Bank* v. *Kirk et al.,* as against the defendant E. A. Stiefel.

Mr. Chief Justice Brantly and Mr. Justice Smith concur.