SAMUELL, APPELLANT, *v.* MONTANA–HOLLAND COLONIZATION CO., RESPONDENT.

(No. 5,309.)

(Submitted November 2, 1923. Decided November 28, 1923.)

[220 Pac. 1093.]

*Dismissal of Action—Failure to have Judgment Entered— When Dismissal Improper.*

Dismissal of Action—Failure to have Judgment Entered Within Statutory Time—When Statute Applicable.
  1. Under section 9317, Revised Codes of 1921, an action may be dismissed when after "final submission"—when judgment may be demanded as a matter of right—the party entitled thereto

through his own neglect fails to have it entered for more than six months, thus evincing an intention to abandon the fruits of his victory.

Same—Failure to have Judgment Entered—When Dismissal Improper.

2. In an action tried to the court sitting without a jury findings of fact and conclusions of law were made in favor of plaintiff but before judgment was entered the trial judge notified counsel that they had been withdrawn for further consideration, and a minute entry was made to that effect. The judge soon thereafter resigned and the parties stipulated that the cause should be submitted to his successor for decision upon the evidence previously taken and upon arguments to be presented. The cause was set but the setting canceled. The term of the second judge expired without a decision having been reached. It was again stipulated that the cause should be submitted to the newly elected judge, but before it was actually submitted counsel for plaintiff ascertained that the findings and conclusions never had been withdrawn from the files and he thereupon asked for judgment, counsel for defendant on the other hand moving for dismissal of the action for failure of plaintiff to have the judgment entered for more than six months after the findings and conclusions had been made and filed. The court granted the latter motion and denied the former. *Held*, that the court erred since, under the circumstances, plaintiff was not guilty of neglect in failing to have judgment entered within the time limited by section 9317, Revised Codes of 1921.

Trial—Findings—Conclusions of Law—Court may Modify Prior to Judgment.

3. Prior to rendition of judgment the district court may modify its findings of fact or conclusions of law.

*Appeal from District Court, Wheatland County; Wm. L. Ford, Judge.*

ACTION by C. A. Samuell against the Montana-Holland Colonization Company. From judgment dismissing action, plaintiff appeals. Reversed and remanded, with directions.

Cause submitted on briefs of Counsel.

*Messrs. Cheadle & Cheadle,* for Appellant.

*Messrs. Jones & Jones,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

C. A. Samuell commenced this action in the district court of Wheatland county to recover commissions alleged to be due him upon a sale of real estate. Issues were joined, the

cause tried to the court without a jury, Judge Matthews presiding, and on July 31, 1919, findings of fact and conclusions of law favorable to plaintiff were made and filed.  E. K. Cheadle, attorney for plaintiff, residing in Fergus county, was notified by Judge Matthews to prepare a judgment in conformity with the findings and conclusions, but before judgment was entered Judge Matthews notified counsel not to have the judgment entered, as the findings and conclusions had been withdrawn for further consideration.  The minutes of the court recite: "Findings of fact and conclusions of law withdrawn by order of judge."  Soon afterwards Judge Matthews resigned, and was succeeded by E. H. Goodman.  Acting upon the assumption that the findings and conclusions had been withdrawn, and that Judge Matthews had retired from the bench without finally deciding the case, counsel for the respective parties stipulated that the cause should be submitted to the court, Judge Goodman presiding, upon the testimony and documentary evidence which had been before Judge Matthews and upon arguments and briefs to be presented.  On September 20, 1920, the cause was set for trial for November 15.  The minutes of November 15 disclose: "Setting canceled, and case to be submitted on briefs by agreement of counsel."  On the first Monday of January, 1921, Judge Goodman retired from the bench without deciding the case, and was succeeded by W. L. Ford.  On February 14, 1921, counsel for the respective parties stipulated that the cause should be submitted to the court, Judge Ford presiding, upon the record made before Judge Matthews, and upon briefs and argument to be presented; but apparently the cause had not been actually submitted to Judge Ford in October, 1921, when counsel for plaintiff discovered that, notwithstanding the recital in the record to the contrary, Judge Matthews had not withdrawn the findings and conclusions, and that they had remained on file from July 31, 1919.  Thereupon counsel for plaintiff moved the court for judgment in conformity with the findings and conclusions.  The defendant moved the court to dismiss

the action for the failure of plaintiff to have judgment entered for more than six months after July 31, 1919. The former motion was overruled, the latter was sustained, and judgment dismissing the action was entered. From that judgment plaintiff appeals.

We think the trial court misconstrued the language of [1] section 9317, Revised Codes of 1921. So much of that section as has any application here reads as follows: "An action may be dismissed: * * * 6. By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months." The words "final submission" mean a submission which is the equivalent of the return of a verdict, or, in other words, they refer to that state of the case when judgment may be demanded as a matter of right. (*State ex rel. Stiefel* v. *District Court,* 37 Mont. 298, 96 Pac. 337; *State ex rel. Kohl* v. *District Court,* 46 Mont. 348, 128 Pac. 582.)

Confessedly, when the findings and conclusions were filed [2] on July 31, 1919, plaintiff was entitled to have judgment rendered and entered in his favor, and it was his duty to demand that it be entered not later than six months thereafter under penalty of dismissal for his neglect in failing to make such demand. But the statute does not make the lapse of six months operate automatically to compel a dismissal. It is not the lapse of the six-month period, but the successful party's negligence for that period, which authorizes the court to dismiss the action. This construction of the statute was stated so clearly and forcibly in *Rule* v. *Butori,* 49 Mont. 342, 141 Pac. 672, that further comment is unnecessary. It is the policy of the law to secure to every litigant the full measure of his rights, not to defeat them. Under this section he may lose his rights by his own neglect, but not otherwise. The theory upon which the statute proceeds is that a party entitled to judgment, who neglects for more than six months to have it entered, may fairly be deemed to have abandoned the fruits

of his victory.  (*Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878.)

The only question which is presented by this record is: Did plaintiff's conduct, after July 31, 1919, manifest an intention on his part to abandon the victory which he gained when the **[3]** findings and conclusions were filed? Prior to rendition of judgment the district court may modify its findings of fact or conclusions of law. (26 R. C. L. 1093; 38 Cyc. 1987.) Indeed, our statute recognizes the right specifically (sec. 9370) ; and, though Judge Matthews may have proceeded somewhat irregularly in notifying plaintiff's counsel and causing the minutes to show that the findings and conclusions were actually withdrawn, the effect of the court's order was to notify the parties interested that the findings and conclusions in the form then presented and filed were not to be deemed final. Apparently Judge Matthews changed his mind a second time, for he did not withdraw the findings and conclusions or make any change in them. But counsel had the right to rely upon the recitals of the records, and, relying upon them, an effort was made to secure a final decision of the case from the court while Judge Goodman presided, and again during the early incumbency of Judge Ford. That counsel for both parties were honestly mistaken as to. the status of the case as late as February 14, 1921, is demonstrated by their stipulation entered into on that day. The preface to that stipulation follows: "This cause having heretofore been tried by the Hon. John A. Matthews, sitting without a jury, and no judgment having been made and entered by him because of his elevation to the supreme court of the state of Montana, before a decision was rendered in the said cause, and the evidence of both parties having been fully presented at the aforesaid trial: Now, in order to save the labor and expense of a retrial, it is hereby stipulated," *etc.*

When counsel for plaintiff discovered that the court minutes did not state the facts, he sought to have entered the judgment to which his client was entitled, and the only question

then presented to the court was: Did the failure to have judgment entered for more than six months after July 31, 1919, result from plaintiff's neglect; in other words, did plaintiff's course of conduct evince an intention to abandon the fruit of his victory? Upon this record it is impossible for us to find any evidence of such neglect.

The judgment of dismissal is reversed and the cause is remanded, with directions to have entered a judgment in conformity with the findings of fact and conclusions of law.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.