BROOKS, RESPONDENT, *v.* PADBURY ET AL., APPELLANTS.

(No. 8,121.)

(Submitted January 28, 1941. Decided February 24, 1941.)

[110 Pac. (2d) 967.]

*Mr. J. D. Taylor, Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Appellants, submitted a brief; *Mr. Acher* argued the cause orally.

*Messrs. O'Hara, Madeen and Grant,* for Respondent, submitted a brief; *Mr. Emmett Glore* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment for plaintiff in an action involving certain claims for wages. In the view we take of the case, no further discussion of the facts out of which the case arose is necessary. After trial, findings of fact and conclusions of law were entered on January 16, 1939. It was not until October 18, 1939, nine months later, that plaintiff presented a proposed judgment. It was presented in open court and at that time defendants' counsel objected as follows: "Of course we object to the entry of judgment at this time for the reason it has expired by limitation." In response the court said: "I just can't account for this delay here. Well, I will sign up this judgment but it looks to me that it is subject to a motion to vacate it, or something or other." Later the court said: "Considering the time that has elapsed since the findings and conclusions of the court were filed, I am just going to hold this matter in abeyance for one week. * * * In the meantime, there may be filed such further proceedings as the parties wish. At that time we will take it up as to whether the court now has any right to enter a judgment."

Nothing was filed by either party and on the 25th the defendants again objected to the entry of judgment saying: " * * * but I except to the entry of judgment." Judgment was entered and the court in doing so said to defendants' counsel, "If you have any exceptions or objections make them now." In response counsel said: "The defendants object to the entering of the judgment on the ground of the failure to file the same within six months after the finding of fact and conclusions

of law and the order for entry of judgment was entered in the action.''

Defendants urge that the cause should be dismissed on these facts under section 9317, Revised Codes, which provides: ''An action may be dismissed or a judgment of non-suit entered in the following cases: '' * * * 6. By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand, and have the same entered for more than six months.''

In *State ex rel. Stiefel* v. *District Court*, 37 Mont. 298, 96 Pac. 337; *Kasun* v. *Todevich*, 71 Mont. 315, 229 Pac. 714, and *Franzman* v. *Davies*, 32 Mont. 251, 80 Pac. 251, this court has held that the provisions of subdivision 6 are mandatory and that upon proper action by the defendant the cause must be dismissed.

In *Rule* v. *Butori*, 49 Mont. 342, 141 Pac. 672, *Soliri* v. *Fasso*, 56 Mont. 400, 185 Pac. 322, and *Samuell* v. *Montana-Holland Co.*, 69 Mont. 111, 220 Pac. 1093, the court has held that the mere passage of six months alone will not require the dismissal of the cause, but that there must be negligence on the part of plaintiff in failing to present the judgment within that period. In these three cases the records show reasons for the failure of action on the part of the prevailing party which negative any neglect on his part. In this case the record is barren of anything to explain the delay and the comments of the trial court indicate that it did not find there was any justification for the delay. Although the court has a discretion to exercise in determining whether or not to dismiss the action under this statute, yet as in other cases that discretion must be based on the record. Nothing appearing to explain the delay, the facts here bring this case within the statute.

The trial court apparently took the view that defendants' objections were not in the proper form. Plaintiff's argument is that defendants could only take advantage of the provisions of section 9317, subdivision 6, by a motion to dismiss. We think the objection of defendants, was sufficient and that an order of dismissal should have been made. Their objection, al-

though only addressed to the entry of the judgment, was based on the statute and it raised everything that could have been raised by an objection in any other form. Both parties were in court by counsel when all the proceedings on this point were ██ had. When in this section it is stated that the action may be dismissed "by the court" it would seem that once the objection was made and the facts bring the matter within the statute as interpreted by this court in the cases cited, the court on its own motion should dismiss the action. Other sections of this statute provide that the dismissal shall be on motion of the party seeking it. No such requirement appears in this section which negatives the idea that a formal motion is necessary.

What we have said disposes of the cause. Reversed and remanded with directions to dismiss the action.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.