COUSE, ET AL., RESPONDENTS, v. DIETZ, APPELLANT.

No. 8501

Submitted June 6, 1945. Decided June 16, 1945.

159 Pac. (2d) 886

540

Messrs. Poore & Poore and Mr. W. D. Kyle, all of Butte, for appellant.

Mr. Frank E. Blair, of Virginia City, and Mr. Ralph J. Anderson, of Helena, for respondents.

MR. JUSTICE CHEADLE, delivered the opinion of the court.

Appeal from a judgment in favor of plaintiffs and against the defendant.

The complaint, filed May 1, 1941, is on an account for room rent, various hotel services, money advanced and miscellaneous charges, furnished by plaintiffs to defendant, at the latter's request, during the period 1930 to 1939, inclusive. It is alleged that said account was part and parcel of a continuing transaction during said period, no part of which has been paid. Exhibit "A," attached to the complaint, a statement of the account, sets forth items of cash advanced, room rent, merchandise and services paid, commencing with September 5, 1930, and ending December 29, 1939. The account is totalled by years, and shows no credits. Total amount shown is, principal $1,369.65, and interest $642.96. The complaint alleges that at all times mentioned therein, the plaintiffs James G. B. Couse and Alexander Leggat were co-partners, doing business under the firm name and style of Leggat Hotel.

A general demurrer to the complaint was overruled.

Defendant's answer to the complaint consisted of a general denial; second and affirmative defense pleading the statute of limitations (Sec. 9030, subd. 1, Revised Codes 1935) as to all

items of the account alleged to have accrued prior to May 1, 1936; third affirmative defense, that the action was not maintainable because of failure of plaintiffs to file a certificate of partnership. This need not be considered for the reason that it was withdrawn prior to submission of the case to the jury.

By reply, plaintiffs denied the allegations of the second defense.

At the opening of the trial, plaintiffs, over objection, were permitted to amend the complaint by interlineation by withdrawing their claim to interest, and adding to the allegation as to the continuing transaction of the account, the following clause, "not any of which became due until November 20, 1940."

On the second day of the trial, over objection of defendant, plaintiffs were permitted to amend their reply to defendant's answer by adding paragraph 1A. This alleges an agreement between the parties prior to and at all times during the running of the account that the items thereof would not become due nor any action thereon accrue until plaintiff Leggat and defendant, as officers of the Broadgauge-Tamarack Mining Company, either arranged to have said company at some reasonable future time liquidate its obligations to said parties, or in failure thereof, said parties would merge their claims against the company, without priority, in a legal action to recover same; that out of his share of such proceeds defendant was to pay to plaintiffs the account set forth in the complaint; that such agreement was made to further the interests of said parties as creditors of said company to assist them with respect to the operation thereof. Further, that about November 20, 1940, the defendant repudiated said agreement by filing liens upon all of the property of said mining company and an action to foreclose same, failing to invite or permit plaintiff Leggat to merge his account with that of defendant or to participate in the action against the company except on the basis of a junior creditor; that after the failure of defendant to merge his account with that of Leggat, and commencement of the foreclosure action, plaintiffs

elected to treat the aforesaid agreement as terminated, "and to demand payment thereof."

Defendant's demurrer to the reply, as amended, on the ground that the portion thereof designated "1A" is insufficient in law upon the face thereof, was overruled.

On the third day of the trial, and after testimony of plaintiff Leggat had been taken, plaintiffs were permitted, over objection, to file an amended complaint. This sets out the account mentioned in the original complaint, alleging: "That said account was part and parcel of a continuing transaction that commenced during the year 1930 and ended with the year 1939 and that no part thereof by the express agreement of the parties entered into for a valuable consideration was to become due nor a cause of action accrue thereon prior to November 20, 1940. * * * That no part of said account has ever been paid, and the whole thereof is now due, owing and unpaid from the defendant to the plaintiffs, to-wit, the total principal sum of $1,378.60." Exhibit "A," a statement of the account, shows debits totalling $1,396.27, credits $17.67, balance as of November 22, 1939, $1,378.60.

It was stipulated that the answer to the original complaint, "may go and stand as the defendant's plea and answer to said complaint as amended," and that plaintiffs' reply "may stand to the answer."

At the close of the evidence defendant moved the court to withdraw from the consideration of the jury all testimony of the plaintiffs respecting the alleged agreement set forth in the amended complaint and amended reply, upon the grounds of insufficiency and indefiniteness of the evidence, and invalidity of the agreement as in contravention of sections 10613 and 7519, Revised Codes 1935. This motion was overruled. Thereupon plaintiffs were permitted, over objection, to amend the complaint to conform to the testimony of the plaintiff Leggat, with reference to certain items of credit on the account.

Defendant then moved the court to withdraw from the consideration of the jury evidence relating to the account and to

the items thereof prior to May 1, 1936, on the grounds that it is incompetent because no foundation was laid for its reception, and that the account sued on is not upon a mutual, open and current account, and therefore barred by the provisions of section 9030, Revised Codes 1935. The motion was overruled.

After settlement of instructions the cause was submitted to the jury, which returned a verdict on October 16, 1942, in favor of plaintiffs in the sum of $1,369.65, as demanded in the original complaint.

Motion for new trial was heard on December 5, 1942, and finally submitted December 21, 1942. The trial court having failed to rule thereon, same was deemed by law to be denied fifteen days thereafter. Section 9400, Revised Codes 1935.

No judgment having been entered for more than six months after return of the verdict, the defendant, on April 19, 1943, filed motion to dismiss the action. Such motion was denied June 8, 1943, and by the same order the clerk of court was directed to enter judgment as of that date.

The first specification of error is that of the court in denying defendant's motion to dismiss the action for failure of plaintiffs to have judgment entered for more than six months after return of the verdict.

Section 9317 provides:

"An action may be dismissed or a judgment of nonsuit entered in the following cases: * * *

"6. By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months."

As above noted, verdict herein was rendered October 16, 1942. No judgment having been entered within six months thereafter, the defendant, on April 19, 1943, moved for a dismissal of the action under the above-quoted provision of section 9317. This motion was opposed by the affidavit of Frank E. Blair, attorney for plaintiffs, and oral testimony of Mr. Blair and the deputy clerk. In substance, the affidavit recited that affiant was in court on October 16, 1942, when the trial judge received the

verdict, ordered it filed, *and ordered the clerk to enter judgment* in accordance therewith; that several days later affiant inquired of the clerk whether he had written up the minute entry of the proceedings and whether he had entered the judgment, and received affirmative answers to both of said questions; that he had the fullest confidence in the clerk and his deputy, and believed they knew the procedure for caring for their simple ministerial acts; that he filed a cost bill in the usual manner, and vigorously defended defendant's motion for a new trial; that he consulted the court files from time to time and learned that defendant was preparing a bill of exceptions for the ostensible purpose of appealing from the verdict and judgment; that his first intimation that no judgment had been entered was when the motion to dismiss was served upon him; that he tendered no formal judgment because the supreme court has several times held such is not required in jury cases at law, and he believed that entry of judgment upon a verdict was purely a ministerial act of the clerk.

The court minutes for October 16, 1942, contain the following entry: "It appearing to the court that all the jurors concur in rendering the said verdict the same is filed, read to the jury and ordered entered as the verdict of the jury herein. *Let judgment* be entered accordingly. * * *"

Mr. Blair testified that he did not tender the filing fee for entry of judgment because it was customary for the clerk to bill him monthly for all fees; that he pays such monthly bills, usually, but not always, checking the items; that the clerk did not request a fee for entry of judgment in this case, but that had he done so, or included same in his bill, it would have been paid.

Section 9403, Revised Codes 1935, provides: "When trial by jury has been had, judgment must be entered by the clerk, in conformity with the verdict, within twenty-four hours after the rendition of the verdict, unless * * *."

In McIntyre v. Northern Pacific R. Co., 58 Mont. 256, 191 Pac. 1065, 1067, this court in construing this section (then sec-

tion 6800), said: "Under this provision, the return and recording of a general verdict makes it the ministerial duty of the clerk to enter judgment. In other words, the recording of the verdict under the direction of the court is the rendition of judgment. * * * The custom of drawing a formal judgment and having the judge to sign it is usually observed; but this is not required by the statute. The signature of the judge is not essential to its validity." (Citing cases.)

In State ex rel. Stiefel v. District Court, 37 Mont. 96, 96 Pac. 337, 340, this court ventured the opinion that the provision of subdivision 6 of the above statute is mandatory, saying:

"But we do not concede that this was a matter addressed to the discretion of the trial court. In our opinion, section 1004 [now section 9317], subd. 6 is mandatory. * * * At the expiration of six months from the time his default was entered, Stiefel had a right to have the action dismissed as against him, for failure of plaintiff to demand and have entered a judgment."

In Rule v. Butori, 49 Mont. 342, 141 Pac. 672, this court, in referring to the above-quoted pronouncement in the Stiefel case, supra, said: "This language is to be considered in connection with the circumstances under which it was uttered, viz., an intentional omission to have the judgment entered. We repeat now that, in the provision referred to, 'may' means 'must'; and, when a case presented is within this provision, the court has no power to relieve from it, or to say that it shall not be applied. But the fact that a statute is mandatory does not deprive the courts of all judicial faculty to determine whether the case presented is within such statute. Discretion in that sense always exists. What, then, are the circumstances under which the action must be dismissed by the court? They are, not when the party entitled to judgment *fails* to demand and have it entered within six months after submission or verdict, but when he *neglects* so to do. The choice of the verb 'neglects' cannot be regarded as accidental, for it is not the policy of our law that a party shall suffer who is without fault * * *." (Brooks v. Padbury, 111 Mont. 456, 110 Pac. (2d) 967; Car-

negie Nat. Bank v. City of Wolf Point, 9 Cir., 110 Fed. (2d) 569; Samuell v. Montana-Holland Colonization Co., 69 Mont. 111, 220 Pac. 1093.)

Applying the rule established by the Butori case, supra, and ██ since followed, we think the trial court was correct in refusing defendant's motion to dismiss the action. Under the circumstances it cannot be said that defendant *neglected* to demand and have the judgment entered within six months. Neglect or negligence in this regard will not necessarily be presumed from mere failure to have it entered. We believe that counsel for plaintiffs had a right to rely on the assurance of the clerk that the judgment had been entered, and was not guilty of neglect in failing to take further steps. Had he been informed by the clerk that judgment had not been entered, it is fair to assume that he would have forthwith demanded the performance of such duty by the clerk.

Specifications of error numbers 2 to 14, inclusive, are predicated upon errors of the trial court in permitting amendments to the complaint and the reply; overruling of defendant's objections to such amendments and to the introduction of evidence in support of the allegations of such amendments; overruling of defendant's demurrer to the amended reply; and denying defendant's motion, made at the closing of the evidence, to withdraw from consideration of the jury evidence respecting the alleged agreement between plaintiffs and defendant set forth in the amendments to the complaint and in the amended reply, The amendments permitted, over objection, are set forth in substance above.

The original complaint, filed May 1, 1941, pleaded an account covering the years 1930 to 1939, inclusive, for room rent, hotel services, merchandise, cash advanced and miscellaneous charges. After defendant had answered, setting up the statute of limitations (section 9030, Revised Codes) as a bar to all items of the account prior to May 1, 1936, plaintiffs were permitted to amend their complaint to allege that none of the items of the account became due until November 20, 1940.

At the opening of the examination of the plaintiff Leggat, it became apparent that he was to testify concerning an agreement between the parties by which payment of the account sued on was to be postponed to a future date or a future contingency, which has been referred to by plaintiff's counsel in his opening statement, objected to by defendant. When this testimony was objected to, plaintiffs moved for leave to amend their reply to defendant's answer, by adding paragraph 1A, set forth above, which alleged such an agreement and its breach by the defendant. On the third day of the trial, plaintiffs were permitted, over objection, to further amend the complaint to allege such purported agreement. The defendant in his testimony, and affidavit in support of motion for new trial, denied any knowledge of such agreement or that he had heard of it prior to the trial, and that he was greatly surprised by allegations and testimony regarding it.

Plaintiffs' manifest purpose in the various amendments to their pleadings was to circumvent the pleaded defense of the statute of limitations. We think that whether or not the court erred in permitting plaintiffs, over objection, to amend the reply in the respect it did, is immaterial, in view of the subsequent amendment of the complaint by the allegation of the same matter contained in the amendment to the reply.

Appellant contends that the court erred in permitting the amendment of the complaint for the reason that such amendments constitute a departure from the cause of action set forth in the complaint. While, without a thorough examination into the question, we are inclined to agree with defendant's contention, for the reasons hereafter stated, we find its determination unnecessary to a disposition of this case.

From a thorough examination of the record we conclude that the evidence is wholly insufficient to sustain the allegation of the amended complaint of an agreement between the parties to this action that no part of the account was to become due nor a cause of action accrue thereon prior to November 20, 1940. Without attempting to here analyze the contents of the

voluminous record, a great deal of which we consider irrelevant, it is our opinion that there is a failure of proof of the existence of such an agreement.

The plaintiff Leggat testified that the agreement was made during January or February of 1930. At that time the account apparently was not in existence, the first item thereof not being until September 5, 1930. The alleged agreement as pleaded, so far as it concerns the account involved, provides that all items of the account would not become due, nor any action accrue thereon, "until the plaintiff Alexander Leggat and the defendant had as officers of the Broadgauge-Tamarack Mining Company either arranged to have the said company at some reasonable future date liquidate its obligations to the said Alexander Leggat and the said Val C. Dietz then due or to become due, or in failure thereof * * * that said Alexander Leggat and said defendant would then merge their respective claims against the said company without priority in a legal action to recover the same and out of his share of the proceeds therefrom that the defendant was to pay the plaintiffs the account described in the complaint." It is neither alleged nor proved that the defendant ever received a 'money or other settlement of his claim against the mining company, either through liquidation of its obligations or through legal action. Even if plaintiffs' contention as to the agreement is to be accepted, it does not establish the allegation of the complaint that no part of the account was to become due before November 20, 1940, for under that contention defendant's obligation might never become fixed. Mr. Leggat himself testified that no particular date was agreed upon by the parties when the account should become payable. When questioned on this, he stated: "Oh, no, it was to go on forever if I was so disposed." It thus clearly appears that was a failure of proof of the allegation respecting the date to which defendant's obligation was alleged to have been postponed.

The evidence is, however, sufficient to support a recovery on the theory of an account consisting of the items alleged

in the complaint, furnished by plaintiffs to defendant. And, since the account is not one of reciprocal demands, within the meaning of section 9042, Revised Codes 1935, the limitation provided by section 9030, Revised Codes 1935, is applicable, and operates from the date of the opening of the account. (Spencer v. Sowers, 118 Kan. 259, 234 Pac. 972, 39 A. L. R. 365, and supporting cases; 37 C. J. 868; 34 Am. Jur. 80.)

The statute of limitations applicable (section 9030) having been pleaded as a defense, the court erred in admitting evidence as to items of the account in date prior to May 1, 1936, over objection, and in overruling defendant's motion to withdraw from the consideration of the jury such evidence.

The evidence of the few small credits testified to by the plaintiff Leggat is not sufficient to toll the statute of limitations. In the first place it was not shown by whom the alleged payments were made, or that they were made by or in behalf of the defendant, with the understanding or direction that they be applied as a credit on the account. (Nathan v. Jenkins, 113 Mont. 46, 123 Pac. (2d) 975.) In the second place these items, mostly small amounts for telephone calls, etc., were paid as they were incurred, and were not properly charged to defendant in the account. In other words, these small items, totalling only $17.67 during the period of nine years, were paid in cash and did not become a part of the account.

By specifications 16 and 17, the defendant assigns error of the court in modifying Instruction 15, and refusal to give defendant's offered Instruction 16. In view of our holding we think these assignments are rendered immaterial.

No useful purpose would be served by a re-trial of this case. We have held that the evidence as to items of the account, properly admissible, is sufficient to support the verdict in so far as those items are concerned. Presumably the evidence, and the verdict, as to them, would be no different than at the first trial. The total of the items of the account incurred subsequent to May 1, 1936, is $52.25, for which amount plaintiffs are entitled to judgment.

550

The cause is remanded with instructions to modify the judgment in accordance with this opinion, as of the date of the entry thereof. Each party will pay his costs on appeal.

Mr. Chief Justice Johnson, and Associate Justices Morris, Adair, and Angstman, concur.